BAUGHN, next friend, *v.* WILEY, ordinary.

1. Proceedings to obtain a commission *de lunatico inquirendo* under section 1855 of the code, for the purpose of having a person imprisoned in the jail of a given county sent to the asylum as a lunatic, cannot be maintained when it appears that such person has been convicted of murder in another county, is subject to the sentence of death, and was confined in the jail in question under an order of the superior court in which the conviction was had.
2. In such case, the writ of *mandamus* will not lie to compel the ordinary of the county in the jail of which the alleged lunatic is confined, to entertain jurisdiction of such proceedings.

April 27, 1896. Argued at the last term.

Petition for *mandamus*. Before Judge Felton. Bibb county. January 23, 1896.

*Marion Harris* and *Glenn & Rountree*, for plaintiff.
*J. M. Terrell, attorney-general*, for defendant.

Lumpkin, Justice.

Three persons presented a petition to the ordinary of Bibb county, alleging that Elizabeth Nobles, then confined in the common jail of that county, was of unsound mind and subject to be committed to the lunatic asylum. The petition prayed for notice to two named persons as the only adult relatives of the alleged lunatic, and that a commission of lunacy should issue as provided by law. This petition seems to have been based upon section 1855 of the code, and it makes not the slightest reference to the fact that Elizabeth Nobles had been convicted of murder in the superior court of Twiggs county, was subject to the sentence of death, and had been sent to the jail in Bibb county for safe-keeping. The ordinary passed an order for the giving of the notice prayed for in the petition, but subsequently refused to issue a commission of lunacy or to entertain further jurisdiction of the matter, he doubtless being aware of the real state of affairs, though the record does not disclose how he became informed of the facts. At any

rate, a petition for *mandamus* was presented to the judge of the superior court of Bibb county, for the purpose of compelling the ordinary to entertain jurisdiction of the lunacy proceedings, and to obtain an order that the alleged lunatic be retained in the custody of the sheriff or jailor of Bibb county until the writ *de lunatico inquirendo* had been lawfully disposed of.     In the petition for *mandamus*, the facts relating to the conviction of Elizabeth Nobles and of her being sent to the jail of Bibb county under an order of Twiggs superior court, were set forth; and it also appears from this petition that the sheriff of Twiggs county was about to carry the prisoner back to that county for the purpose of having the sentence of death passed upon her.     The judge of the superior court refused to grant the *mandamus nisi*, and this action on his part is brought to this court for review.

. We have not the slightest hesitation in holding that the judge was right.     Section 1855 of the code was never intended to have any application to a case of this kind.     It manifestly falls under section 4666 of the code, or else we have no statute law adapted to this particular state of affairs. That section, by its terms, can be invoked only after the sentence of death has been passed, and the convict shall have thereafter become insane.     As will have been seen, one of the purposes of the application to the ordinary was to prevent the return of the prisoner to Twiggs county for the purpose of receiving the sentence of death.     We are quite certain that the ordinary of Bibb county had no authority to thus interfere with the business of Twiggs superior court.     The law gives him no power to review its action, or to control its proceedings.     It would be indeed an anomalous spectacle if an ordinary could thus suspend or interfere with proceedings in the superior court, which is a higher tribunal than that over which the ordinary presides, and which has jurisdiction to review his judgments. Nothing of the kind was ever contemplated by the law-

making power. If, after Elizabeth Nobles has been remanded to the jail of Twiggs county and the sentence of death has been passed upon her, the provisions of section 4666 can be lawfully invoked in her behalf, let the same be done. In the meantime, we hold emphatically that the ordinary of Bibb county has no jurisdiction over the matter. He very properly refused to grant the writ prayed for, and the circuit judge was right in denying the *mandamus*.

*Judgment affirmed.*