HAWIE *v.* HAWIE.

[91 South. 131, No. 22345.]

1. Courts. *Chancery court may not inquire into sanity of one under an indictment for murder.*

Where one under indictment for murder is held in jail by an order of the circuit court, he is within the exclusive jurisdiction of that court, and the chancery court has no jurisdiction to inquire into his sanity under section 3219, Code 1906 (section 5561, Hemingway's Code).

2. INSANE PERSONS. *Statute does not authorize circuit court to send prisoner under indictment to insane asylum.*

> There is no statutory provision in this state authorizing the circuit court or the circuit judge to send a prisoner under indictment for a crime to an insane asylum.

3. INSANE PERSONS. *Where one indicted becomes insane, the circuit court must remand him to jail until he recovers his sanity.*

> In the absence of any such statute, where a prisoner after indictment becomes insane it is the duty of the circuit court or the circuit judge to remand him to jail until he recovers his sanity.

HON. V. J. STRICKER, Chancellor.

HON. C. J. STRICKER, Chancellor.

Proceeding by A. C. Hawie against George Hawie for a writ of lunacy to test the sanity of the defendant. The chancery clerk declined to issue the writ, and his action was approved by the court, and the plaintiff appeals. Affirmed.

*L. M. Burch,* for appellant.

*H. C. Holden,* Assistant Attorney-General, for appellee.

SYKES, P. J., delivered the opinion of the court.

The appellee, George Hawie was tried and convicted in the circuit court of Newton county of the crime of murder. From this conviction an appeal was prosecuted to this court, and the judgment of the circuit court was reversed, and the cause remanded. For a full history of this case see *Hawie* v. *State,* 121 Miss. 197, 83 So. 158, 10 A. L. R. 205; and Id., 125 Miss. 589, 88 So. 167. After his conviction in the circuit court of Newton county, and pending his appeal to this court, he was ordered by the circuit court of Newton county to be confined in the Hinds county jail at Jackson.

After the cause was reversed and remanded his brother, the appellant, A. C. Hawie, proceeding under section 3219, Code of 1906 (section 5561, Hemingway's Code), petitioned the chancery clerk of Hinds county to issue a writ of lunacy, and have the sanity of George Hawie tested as provided in that section. The district attorney of Newton county filed a plea to the jurisdiction of the chancery court of Hinds county. In this plea the history of this cause is briefly stated, and it is averred that George Hawie is in the legal custody of the circuit court of Newton county, and is confined in the Hinds county jail by order of that court, and that the chancery court of Hinds county has no jurisdiction of the subject-matter or of the person of George Hawie. The chancery clerk was of this opinion and declined to issue the writ, and his action in the matter was approved by the chancery court of the county, from which decree this appeal is prosecuted.

Geore Hawie is a resident citizen of the First judicial district of Hinds county, the district in which he instituted this proceeding.

It is the contention of the appellant that under section 159 of the Constitution the chancery court is vested with full jurisdiction in cases of idiocy, lunacy, and persons of unsound mind; that section 532, Code of 1906 (section 289, Hemingway's Code), is but a repetition of this jurisdiction, as laid down in the Constitution; that no other court in this state has any jurisdiction over an insane person, unless specially authorized by legislative enactment not in conflict with the Constitution.

It is the contention of the state that George Hawie is within the exclusive jurisdiction of the circuit court of Newton county, and that for this reason the chancery court of Hinds county has no jurisdiction to inquire into his sanity. It will be noted that George Hawie was indicted and convicted in the circuit court or Rankin county before any question as to his sanity was raised; that this question was raised after his conviction by petition for writ of error *coram nobis,* which writ was granted by this

court, and that on that issue a jury found Hawie insane at the time of his trial in the circuit court of Rankin county. There has been no other inquiry into his sanity since that time.

In the last report of this case in 125 Miss. on page 596, 88 So. on page 167, this court held that, when a prisoner be found to be insane, his trial should not be proceeded with until he recovers sanity, and that, when he is called for trial, if a doubt arises as to his sanity the court should proceed to determine that question anew. A great number of states have statutory provisions under which a person under indictment for crime who becomes insane may be sent to an insane hospital until he recovers sanity. We have no such statute in this state. The only statute dealing with this subject is section 1540, Code of 1906 (section 1302, Hemingway's Code), which makes provision for the sending of one to an insane hospital who has been acquitted on the ground of insanity when the jury state that he is acquitted for this reason and is still insane and dangerous. Then, under these conditions, the circuit judge can order his confinement in the State Asylum. This is the only statutory provision whereby a circuit judge or a circuit court is empowered to send one to an insane asylum. Section 1538 has no bearing upon this question.

There was, therefore, no power in the circuit court to send the prisoner to an insane asylum. The criminal laws of the state are administered in the circuit court, a court of equal dignity with that of the chancery court. The chancery court is not a criminal court. The circuit court acquired jurisdiction over George Hawie to try him for the alleged crime of murder. This jurisdiction was acquired before the lunacy proceedings were instituted. There is no conflict between the jurisdictions of these two courts in this matter. The Constitution vests the civil jurisdiction in the chancery court over insane persons. By this section it was not contemplated that this court could take one indicted for a criminal offense from a circuit court and inquire into his sanity. It is the duty of the circuit court

to make this inquiry, as is announced in the *Hawie case,* in 125 Miss., and as long as the prisoner is insane it is the duty of this court, in the absence of statute, to remand him to jail until he recovers his sanity. In the language of the supreme court of Georgia dealing with this question:

"To hold that one indicted for murder and held by the state authorities for trial could be taken out of their custody on a proceeding instituted by his mother or other near relative, with notice to nobody save his immediate family, and sent to the state sanitarium or committed to the custody of a guardian, would be to establish a method of ousting the jurisdiction of the superior court not contemplated by law." *McGriff* v. *State,* 135 Ga. 259, 69 S. E. 115.

To the same effect is the announcement of the same court in *Baughn* v. *Wiley,* 98 Ga. 364, 25 S. E. 444. See, also, *Stone* v. *Conrad,* 105 Iowa, 21, 74 N. W. 910.

The circuit court having exclusive jurisdiction over Hawie, and in the absence of any statute so providing, it can only remand him to jail until it further inquires into his sanity. The common-law rule upon this subject is thus stated:

"At common law, if a person, after committing a crime, became insane, he was not arraigned during his insanity, but was remitted to prison until such incapacity was removed. The same was true where he became insane after his plea of not guilty and before trial." *Crocker* v. *State,* 60 Wis. 553, 19 N. W. 435, and authorities there cited.

Again in the case of *Commonwealth* v. *Spencer,* 212 Mass. 438, 99 N. E. 266, Ann. Cas. 1913D, 552, the rule is thus laid down:

"In the absence of any statute upon the subject it seems to have been the rule at common law that the prisoner at that stage of his career was held in jail, under the precept by which he was committed, until his trial, or until released by some order of the court."

It follows that the chancery court in this case had no jurisdiction to make this inquiry, and the decree of the lower court is affirmed.

*Affirmed.*