## Love v. State.*

(Division B. April 5, 1926.)

[107 So. 667. No. 25079.]

1. ARREST. *Criminal law. Public officer, having information amounting to probable cause to believe that felony is being committed in house or residence, or has recently been committed, and reasonably believing guilty persons to be secreted in house, may. without warrant, enter building and make arrest, and, if demand for entrance is ignored, may break open door; evidence obtained by public officer by making arrest, or found on entering house to arrest, on information amounting to probable cause to believe that felony is being committed therein, or has recently been committed, may be used in evidence on prosecution of owner for participating in crime.*

Where a public officer has information amounting to probable cause that a felony is being committed in a house or residence, or has recently been committed, and he reasonably believes the guilty persons are secreted in a house, such officer may, without a warrant, enter the building and make the arrest. Where he makes demand for entrance, and such demand is ignored, he may break open the door; and the evidence obtained by making such arrest, or found on entering the house in pursuance of the design to arrest, may be used in evidence on the prosecution of the owner for participating in the crime.

2. INCEST. *Evidence held sufficient to sustain conviction as accessory before fact.*

The evidence in this case examined, and *held* sufficient to sustain a conviction of the defendant as an accessory before the fact.

3. CRIMINAL LAW. *Where state offers evidence of more than one offense under single count in indictment for incest, overruling motion to require state to elect upon which offense it will proceed is reversible error.*

In a prosecution for incest, where the state offers evidence under a single count in the indictment of more than one offense, the court should require the state to elect upon which offense it will proceed, and it is reversible error to overrule a motion in such case to require the state to elect.

4. CRIMINAL LAW. *In prosecution for incest, where state, by eyewitness, proved offense of date of arrest, which date was positively testified to, accused was entitled to instruction that jury must find*

> *that offense was committed on date shown in proof, and, where there was evidence of more than one offense, court could not modify instruction so as to tell jury they must believe offense was committed on such date "or prior thereto."*

In a prosecution for incest, where the state proved by an eyewitness the offense of the date of the arrest, the date testified to positively in the evidence, the defendant is entitled to an instruction telling the jury that they must find from the evidence that the offense was committed on the date shown in the proof, and, where there is evidence of more than one offense, the court may not modify the instruction so as to tell the jury they must believe the offense committed on the date mentioned in the testimony "or prior thereto." The defendant can only be tried for one offense at a time.

---

*Corpus Juris-Cyc. References: Arrest, 5 C. J., p. 399, n. 78; p. 400, n. 83; p. 417, n. 5; p. 427, n. 13. Criminal Law, 16 C. J., p. 570, n. 90; p. 969, n. 37 New; 17 C. J., p. 286, n. 41. Incest, 31 C. J., p. 382, n. 56; p. 387, n. 35. On right of peace officer to enter a private house or inclosure for purpose of making an arrest, without a warrant, for a suspected misdemeanor, see note in 26 A. L. R. 286; 2 R. C. L., p. 446; 2 R. C. L. Supp. 541; 4 R. C. L. Supp., p. 111; 5 R. C. L. Supp., p. 97; Election between counts for separate offence, see 14 R. C. L., p. 198; 3 R. C. L. Supp., p. 195; 4 R. C. L. Supp., p. 887; 5 R. C. L. Supp., p. 753.

Appeal from circuit court of Coahoma county.

Hon. W. A. Alcorn, Jr., Judge.

Mary Love was convicted of incest as an accessory before the fact, and she appeals. Reversed and remanded.

*Roberson, Yerger & Cook,* for appellant.

I. The first question is the competency of the testimony of the witness Knight, in the light of section 23 of our constitution. It is uncontradicted that the evidence of the witness Knight was obtained by breaking into the home of the defendant at a time when he was not armed with a search warrant or with any other process of the law authorizing him in anywise to enter therein. We had thought that since 1921 this question had been set at rest by the decisions of this court. *Tucker* v. *State,* 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377; *State* v. *Pat-*

*terson,* 95 So. 96, 130 Miss. 680; *Smith* v. *State,* 133 Miss. 730, 98 So. 344; *Falkner* v. *State,* 98 So. 691; *Lee* v. *City of Oxford,* 99 So. 509; *Lucas* v. *City of Oxford,* 99 So. 510.

In the case at bar, not only did the witness Knight fail to prove that he had probable cause, or any cause for that matter, to make a search of the appellant's home; but, on the other hand, demonstrated, we think, sufficiently that he had no cause whatsoever for this unreasonable search of the appellant's premises.

II. *Testimony of the witness Hitch as to conversation between him and Blocker, out of presence of the defendant, incompetent.* It will be observed that this defendant and Blocker were not jointly indicted or jointly prosecuted, and it was not shown by any evidence that the defendant and Blocker conspired to commit the crime charged. The admission of this testimony was manifestly prejudicial to the defendant for the reason that it led the jury to believe that Blocker was conscious of the guilt of some crime.

III. *The trial court erred in modifying instruction number five asked by the defendant.* This instruction was modified by the court by inserting after the words "on November 27, 1922," the following words: "or prior to this date." The modification of this instruction was manifest error because the jury was told thereby that if it believed that Blocker and Lottie May Shotwell had ever had sexual intercourse, then this defendant might be convicted as an accessory to such criminal act. The court will note that there was no evidence whatsoever before the jury as to the commission of sexual intercourse by Blocker and Lottie May Shotwell, except on November 27, 1922.

We submit that the modification by the court of the instructions mentioned and the refusal by the court of the other instructions mentioned constitute reversible error in this case.

*J. A. Lauderdale,* Assistant Attorney-General, for th
state.

I. Counsel assigns as error the action of the court ` ɔ-
low in permitting the witness Hitch to testify concerr ng
a conversation which he and Hope Blocker had, such
conversation being out of the presence of the defendant.

In order to sustain a conviction in this case it was nec-
essary for the state to prove beyond a reasonable doubt
that Hope Blocker and his stepdaughter, Lottie May
Shotwell, had committed the crime of incest. (This con-
versation between Blocker and the witness Hitch tended
to prove that Blocker was guilty; and it was, therefore,
competent for the purpose of proving his guilt, and his
guilt was a material fact to establish the guilt of appel-
lant here.

II. Witness Knight testified that he was a policeman
in the city of Clarksdale and this search by him of the
home of Mary Love was made without a search warrant
for so doing; that the home was situated in Clarksdale.
In other words, the home was broken and entered by an
officer of the law without a proper and legal search war-
rant for so doing and the testimony secured by said
search was admitted on the trial of this cause on the
part of the state over the objection of the defendant.

In the *Kennedy case,* 104 So. 449, this court held that
where an officer had credible information which he be-
lieved to be true that a felony had been, or was being
committed, he had a right to go upon the premises with-
out a warrant and arrest the party alleged to be guilty
of crime, and that the testimony secured at that time
when the officer was lawfully there for the purpose of
making an arrest was admissible on the trial of the
cause. This officer says that he had information that
this crime was being committed by these parties at the
home of Mary Love; he also says that he obtained this
information at the time, or just prior to the time he made
the search, from one Lillie Young; that she told him a

couple, or a man and a woman were in the house; that she did not know who they were; that a truck was near the house; that he knew this truck belonged to Blocker, and this was information that he had that a felony was being committed.

III. Instruction number five requested by appellant was modified by the court. The instruction as requested required the jury to believe that the crime of incest was committed by Hope Blocker and Lottie May Shotwell on November 27, 1922, before they would be warranted in convicting the defendant. The court modified this instruction to read ''on November 27, 1922, or prior thereto.'' This instruction as modified is probably erroneous because it requires the jury to convict if they believed the crime was committed on a certain date ''or prior thereto.'' A prosecution for incest is barred by the statute of limitations unless such prosecution is begun within two years after the crime is committed. The modification of this instruction probably made it erroneous because it did not limit the date to within two years prior to said date. However, in the case at bar none of the testimony went back as far as two years, and the jury had absolutely no evidence of any crime being committed more than two years prior to the date that prosecution was begun and this error if any was not harmful to the defendant.

Argued orally by *Sam Cook,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

Etheridge, J., delivered the opinion of the court.

The appellant, Mary Love, was convicted of the crime of incest, being an accessory before the fact to a crime committed by one Dr. Blocker and a stepdaughter of his named Shotwell. It appeared from the state's evidence that Dr. Blocker and his stepdaughter had been arrested in a room in appellant's house in the act of sexual inter-

course.  It further appeared that some few months prior to the date of the arrest that one Hitch was at appellant's house for the purpose of an assignation with another woman, and, while there, the appellant talked over the telephone with some one, and agreed in said conversation to let the person speaking to her have a room; that shortly thereafter Dr. Blocker and his stepdaughter came to appellant's house, and went into a room in said house where the witness was.  The witness thereupon walked out of the room to the front porch of the house, and was followed by Dr. Blocker, who requested the witness not to mention the fact that he and his stepdaughter were there, and Hitch told Dr. Blocker he would not mention the affair, unless the doctor was discovered, but that, if the doctor was indicted for it, he (Hitch) would do all he could against him; that he (Hitch) on the same occasion said to the appellant that the girl was mighty young, and was the stepdaughter of Blocker, and that she (the appellant) ought not to permit them to occupy a room for that purpose; that appellant told him that she would not let Blocker come to her house again with that girl.

It further appeared that subsequent to this time, and shortly before the day of the arrest, a person went to the chief of police in the city of Clarksdale where the offense was committed, and informed the chief of police that Dr. Blocker was having assignations with his stepdaughter at the home of Mary Love, and requested the aid of the police department in detecting and arresting Dr. Blocker for that offense, and that the policeman was assigned to that case who afterwards made the arrest of Dr. Blocker.  This policeman went to a nearby house occupied by a negro woman named Ella Young, from which house he could see the house of Mary Love.  About three days before the arrest of Dr. Blocker this policeman was at Ella Young's house watching Mary Love's house, and saw Dr. Blocker walk onto the back porch of appellant's house, and then go back into the house, where he stayed about thirty minutes, and then came out of appel-.

lant's house, and got into an automobile and drove down the back street, and then to the street in front of appellant's house, and, when Dr. Blocker reached the front of Mary Love's house his stepdaughter came out of appellant's house, and got in the car with Dr. Blocker and drove away. That on the day of the arrest this policeman again went to the house of the negro woman named Ella Young, and was told by her that Dr. Blocker and his stepdaughter were in appellant's house, and the policeman saw Dr. Blocker's automobile in the rear of Mary Love's house, and the policeman knew the car and the number on it. The policeman waited a few minutes, and then went to appellant's house and knocked on the door, and, as he got no response, he broke open the door, and found Dr. Blocker and his stepdaughter in the bed, naked, and in the act of sexual intercourse, whereupon the policeman arrested Dr. Blocker. It was also shown in the proof that Dr. Blocker had pleaded guilty and had been sentenced to the penitentiary for his offense.

The testimony of the policeman was objected to on the ground that he did not have a warrant either to search the house of appellant or to arrest any one therein. On the examination of the policeman with reference thereto he testified that he did not have a warrant either for arrest or for a search, but he testified that he had information that a felony was being committed in appellant's house, and that he went into appellant's house for the purpose of arresting Dr. Blocker for the felony. On cross-examination he stated that he did not know at the time that the offense was a felony, or what grade crime it was, but that he knew the relationship that existed between Dr. Blocker and his stepdaughter, and had information which led him to believe that a crime was being committed in appellant's house. In other words, he had information giving him knowledge that an offense constituting a felony was being committed in appellant's house, although he did not know it was a felony.

We think the evidence is admissible because the officer had a right to make the arrest without a warrant, where a felony was being committed, or had recently been committed, although not in his presence. *Kennedy* v. *State,* 104 So. 449, 139 Miss. 579. It is immaterial whether the officer knew the grade of the offense or not. If he had such knowledge as would constitute probable cause to believe that a felony was being committed, that is to say, that acts amounting to a felony were being committed, or had recently been committed, he may make the arrest, and, having lawful authority to make the arrest, and having probable cause to believe a felony was being committed in the room, he had a right to enter the room by force. *Monette* v. *Toney,* 81 So. 593, 119 Miss. 846, 5 A. L. R. 261, and the evidence is admissible.

We think the evidence is sufficient to sustain the conviction. It being shown that the appellant prior to the date on which the offense was committed had knowledge of the relationship existing between Dr. Blocker and his stepdaughter, and that appellant had let them have a room in her house on a prior occasion this was sufficient to establish appellant's knowledge of the felony and participation therein. It was permissible to introduce the evidence for the purpose of proving the necessary knowledge of the relationship existing between Dr. Blocker and his stepdaughter, and that appellant, having such knowledge in letting a room to Dr. Blocker for such purposes, thereby participated in the crime.

At the conclusion of the evidence the defendant moved the court to require the state to elect on which offense it would proceed, which motion was by the court overruled and exception taken thereto.

There is no authority under any statute called to our attention or which we have been able to find authorizing the state to introduce more than one offense to go to the jury, with evidence of more than one offense in so far as the crime of incest is concerned, and it is doubtful whether a statute could authorize the submitting to the

jury of more than one offense in the same trial. In other words, we think that the court should have required the state to elect on which offense the state would try the appellant.

The rule is stated in *King* v. *State,* 6 So. 188, 66 Miss. 502, as follows:

"Where there are several offenses, for either of which the accused may be convicted under the indictment, the prosecution should elect the offense which it will pursue, and the testimony should be confined to that offense, unless the case falls within some of the exceptions which render the proof of other distinct offenses admissible."

In the opinion in this case Judge ARNOLD pointed out the evils that would flow from such a practice in graphic language, wherein it was shown that one juror might be convinced that the defendant was guilty of some particular one of the offenses and of none other, while another juror might think another one of the offenses was committed and not the one which the other juror thought had been committed, and thus all might agree to a conviction, and yet no two jurors be agreed upon any one offense. The law requires the unanimous verdict of twelve jurors to the same offense, and it was error for the court to refuse to require the state to elect which offense it should rely upon and to confine the jury to that offense.

In the instructions the defendant sought to confine the jury to the date of the arrest November 27, 1922, and among other instructions requested instruction No. 5, which reads as follows:

"The court further instructs the jury for the defendant that, although you may believe from the evidence that Hope Blocker and Lottie May Shotwell on November 27, 1922, went to the house of Mary Love, and there removed their clothes, and got in bed together, you must find the defendant not guilty, unless you further believe that while there on that day, they actually performed the

act of sexual intercourse, and it is not sufficient for you to believe they were in bed together, or that they were preparing to commit, or were in the act, but you must believe from the evidence that they had, sexual intercourse, and, further, although you may believe all of the foregoing facts, you must believe that the defendant was present, aiding or abetting in the act, or counseled, procured, or commanded the same.''

The court modified this instruction by adding after the words ''unless you further believe that while there on that day'' the following words, ''or prior thereto,'' making the instruction read, ''Unless you further believe that, while there on that day, or prior thereto,'' etc. This instruction the defendant refused to use as modified and excepted to the modification by the court. Other instructions were modified in like manner so as to give the jury the idea that, if they believed the offense occurred on November 27, 1922, or at any time prior thereto, they might convict.

We think it was error for the court to have modified the instructions so as to cover other days than one. The offense is complete by one act in this kind of a case. Each separate act constitutes a separate offense. It only needs one act to make a complete offense.

For the errors indicated, the case must be reversed and remanded.

*Reversed and remanded.*