DAVIS *v.* STATE.

(Division A. Jan. 14, 1929.)

[119 So. 805. No: 27505.]

*W. E. McIntyre,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

McGowen, J. The appellant, Dock Davis, was indicted, arraigned, tried, and convicted of manslaughter, on an indictment for murder, by the circuit court of Rankin county, Miss., and by the court sentenced to serve a term of ten years in the state penitentiary, from which conviction and sentence imposed he prosecutes an appeal here.

The appellant shot and killed Jim Torrence, his brother-in-law, at the home of the father-in-law of the deceased, appellant's father, on the 3d day of August, 1927. On that day, appellant drove up in a car to the home of his father, called him out and had a conversation with him regarding the sale of thirty-two acres of land to Torrence, the deceased. The deceased was sitting on the porch of the house of appellant's father while the conversation was taking place, and, upon appellant's saying something to him, got up and walked out to the car. Appellant then said, "I understand that you have bought this land," and told him that if he

moved on it he would kill him. Torrence replied, "You will just have to kill me;" whereupon appellant reached in his car, got his gun, raised it, and then Torrence said, "Dock, give me a chance, let me get my gun," and turned and started back toward the house. While he was going toward the house, appellant shot him twice, the bullets striking Torrence in the back and killing him instantly.

Appellant's only defense in the court below was that he was insane at the time of the homicide, and that he was insane at the time of the trial.

The testimony of the witnesses for the state tended to show that the appellant was sane at the time of the commission of the crime and at the time of the trial, while the testimony of the appellant's witnesses tended to show that he was insane.

Counsel for appellant, upon his arraignment, filed a written motion suggesting to the court that the appellant "is insane and unable to make a rationable defense and moves the court that the question of the defendant's sanity *vel non* be inquired into and determined, as was held in *Hawie* v. *State*, reported in 88 So. Reporter, page 167, 125 Miss. 589." The motion was signed, but not sworn to by appellant's counsel. The court overruled the motion, entering an order to that effect, and to the effect that the issue of appellant's sanity "at this time and at the time of the commission of the crime shall both be submitted to the jury at the trial of the defendant on said indictment under his plea thereto of not guilty, said plea having been entered for said defendant by his attorney."

When the case was again called for trial, counsel for appellant announced to the court that appellant was "ready for trial on the issue of insanity at this time; that he is not ready for trial under the indictment and that it would be impossible for him to announce ready because of the insanity of the defendant, who is insane to the point that he cannot make a rational defense."

Thereafter proof was taken on the issues of appellant's insanity and appellant's guilt or innocence under the indictment and his plea of not guilty as entered for him by his attorney. The court instructed the jury, that, if they found, at the time of the trial, that appellant was insane to the degree that he could not make a rational defense to the crime charged against him, the jury would so find; and the jury were then instructed that it would be their duty not to consider the case in the event they found the appellant so incapacitated. The court further instructed the jury that, if he was insane at the time of the homicide, it should return a verdict accordingly, submitting the question of appellant's sanity at the present time, at the time of the commission of the crime, and his guilt or innocence under the indictment.

There are five assignments of error, two of which only are pressed, and they seem to call for an opinion by the court.

The first is: "The court erred in overruling the motion filed by and on behalf of the appellant, as set forth on page 3 of the record in this court, said motion praying that the case be reported to the chancellor or clerk of the chancery court of Rankin county, Mississippi, as provided in section 1300, Hemingway's Code of Mississippi, and that pending the disposition of the said cause in the said court, the indictment be held in abeyance by the court, entering a *cessat processus*."

The second is: "The trial court erred in refusing to inquire and determine the appellant's sanity *vel non*, as held in the case of *Hawie* v. *State,* reported from the Mississippi Supreme Court, in 88 Southern Reporter, at page 167, 125 Miss. 589, after it had been suggested to the said court, at the time of arraignment of the defendant, appellant here, that the appellant was insane and incapable of making a rational defense."

1. Section 1365, Hemingway's 1927 Code (section 1538, Code 1906), reads as follows:

"Where a prisoner shall be brought before any conservator of the peace, charged with the commission of an offense, and, in the course of the investigation, it shall appear that the prisoner was insane when the offense was committed, and still is insane, he shall not be discharged, but the conservator of the peace shall remand the prisoner to custody, and forthwith report the case to the chancellor or clerk of the chancery court, whose duty it shall be to proceed with the case according to the law relating to persons of unsound mind."

Counsel for appellant misconceives the effect of this section. Appellant had been indicted by the grand jury, a part of the circuit court, on a charge of murder; therefore jurisdiction of his person was lodged in the circuit court sitting as such, and not in the judge thereof sitting as a conservator of the peace. The mere quoting of the statute is a sufficient answer to this assignment of error.

In the case of *Hawie* v. *Hawie,* 128 Miss. 473, 91 So. 131, this identical question has been passed upon and settled by this court. It was held, in this case, that, where a party under indictment for murder is held in jail by an order of the circuit court, he is within the exclusive jurisdiction of that court, and the chancery court has no jurisdiction to inquire into his sanity under section 1538, Code 1906 (Hemingway's Code 1927, section 1365). The facts so set out in the opinion in that case showed that, while Hawie was in jail pending a trial for murder, proceedings were instituted in the chancery court to have the defendant adjudged insane. The chancery clerk was of the opinion that the chancery court had no jurisdiction, and declined to issue the writ; and his action was approved by the chancery court, and the case, on appeal, was affirmed by this court. In the course of the opinion, the court said:

"There was, therefore, no power in the circuit court to send the prisoner to an insane asylum. The criminal laws of the state are administered in the circuit court,

a court of equal dignity with that of the chancery court. The chancery court is not a criminal court. The circuit court acquired jurisdiction over George Hawie to try him for the alleged crime of murder. This jurisdiction was acquired before the lunacy proceedings were instituted. There is no conflict between the jurisdictions of these two courts in this matter. The Constitution vests the civil jurisdiction in the chancery court over insane persons. By this section it was not contemplated that this court could take one indicted for a criminal offense from a circuit court and inquire into his sanity. It is the duty of the circuit court to make this inquiry, as is announced in the *Hawie Case,* in 125 Miss., and as long as the prisoner is insane it is the duty of this court, in the absence of statute, to remand him to jail until he recovers his sanity.''

We are of opinion that the court properly overruled the motion to send this case to the chancery court. The circuit court was without power to do so, and it had jurisdiction to determine whether or not the accused was insane.

2. The only other question in this record, presented here for reversal, is whether the court committed error in submitting to the jury trying the case on its merits, along with the issue of the guilt or innocence of the appellant, the issue of appellant's insanity at the time of the commission of the crime and his insanity at the time of the trial of the case in the circuit court. These three issues were submitted to the same jury at the same trial. They were defined by the instructions for the state and for the defendant, and made clear to the jury.

On this assignment of error we are not here called upon to approve or disapprove the procedure adopted by the lower court for two reasons:

(1) The appellant should have presented to the court an affidavit, or offered witnesses to prove the present insanity or inability of accused to conduct a rational

defense, we think the mere motion of defendant's counsel was not sufficient to require the court to halt the trial and conduct a preliminary.

(2) We think no harm was done the defendant in this case, for the reason that the jury correctly found that the defendant was not insane, in that it convicted the defendant of homicide, and, for aught that appears in this record, this accused was legally capable of conducting a rational defense.

We do not think the insanity plea was sustained.

*Affirmed.*