### DOGGETT v. STATE.

(Division B. Dec. 5, 1932.)

[144 So. 854. No. 30236.]

Paul B. Johnson, of Hattiesburg, and L. B. Melvin, of Laurel, for appellant.

490

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Griffith, J.,** delivered the opinion of the court.

Jordon A. Doggett, a white man, was indicted for murder. Before his arraignment a petition was presented to the circuit court averring that the defendant was insane; that he was unable to advise with counsel or to make a rational defense to the indictment, and the prayer of the petition was that a jury be impaneled to try the question of sanity. This petition was supported by the affidavits of three competent physicians. The court thereupon ordered an insanity trial before a jury impaneled in open court for that purpose, and upon the hearing the jury returned a verdict adjudging the defendant to be insane. Upon the rendition of this verdict, the court entered an order "that the defendant Jordon Doggett·be and he is hereby remanded to jail, there to remain until restoration of his sanity, or until the further order of the court in term time or in vacation."

Two days after the entry of the order last mentioned, appellant, a brother of the defendant, was appointed

guardian of the defendant, Jordon A. Doggett, and the guardian on the same day presented to the circuit court a petition in behalf of his said ward and thereby showed to the court that the ward was a World War Veteran; that he had enlisted on August 3, 1917, and was honorably discharged on June 13, 1919; that the said veteran, then confined in jail as aforesaid, was not only insane but was in an advanced stage of tuberculosis and that to continue him in confinement in jail would end in his certain death from said disease, and besides would be dangerous to the other occupants of the jail because of the infectious character of tuberculosis; that by reason of the facts as stated the mentally incompetent and diseased veteran was eligible for treatment in a United States Veterans' Bureau Hospital; and that commitmen¹ to such a hospital was necessary for the proper care and treatment of the said veteran. The prayer of the petition was that the court make an order committing the veteran to a United States Veterans' Hospital "subject to the rules and regulations of said hospital and to the orders of this court." This petition was supported upon all its asserted facts by the affidavit of four competent physicians including the county health officer. Upon the hearing the court overruled the petition, and declined to modify the order theretofore made by the court.

It is admitted by appellant that under the common law, and in the absence of a specific statute, the action of the circuit court was correct. See Hawie v. Hawie, 128 Miss. 473, 91 So. 131, and authorities therein cited. In other words, without a specific statute giving power to the court, no action than that taken by the circuit court was allowable by law. The contention of appellant is, however, that the court was empowered to sustain the petition, and, under the facts of this case, committed reversible error in not ordering the commitment to a United States Veterans' Bureau Hospital, because of section 7349, Code 1930, which section reads as follows: "When-

ever it appears that a mentally incompetent veteran of any war, military occupation or expedition is eligible for treatment in a United States Veterans' Bureau Hospital and commitment to such hospital is necessary for the proper care and treatment of such veteran, the courts of this state are hereby authorized to communicate with the official in charge of such hospital with reference to available facilities and eligibility, and upon a receipt of a certificate from the official in charge of such hospital the court may then direct such veteran's commitment to such United States Veteran's Bureau Hospital. Thereafter such veteran upon admission shall be subject to the rules and regulations of such hospital and the officials of such hospital shall be vested with the same powers now exercised by superintendents of state hospitals for mental diseases within this state with reference to the retention or custody of the veteran so committed. Notice of such pending proceedings shall be furnished the person to be committed and his right to appear and defend shall not be denied.''

We might dispose of this appeal by calling attention to the fact that the statute provides that the veteran's commitment may be ordered ''upon receipt of a certificate from the official in charge of such hospital,'' and to the fact that it is not shown by the petition nor by the affidavits in support thereof that any such certificate had been received or had even been applied for, and it is not shown whether it was proposed to send the person thus charged with a capital offense beyond the limits of the state. It is not shown whether there were any available facilities in a United States Veterans' Bureau Hospital within this state, or whether, if the order prayed had been made, it would have been of any practical use or effect since, as stated, it is not shown that any application had been made to such a hospital within this state, and that the hospital had agreed to accept the veteran upon the commitment of the court.

And this brings us to a view of the real purposes of the statute. It will be observed that the statute above quoted does not by its terms limit the power of commitment to a United States Veterans' Bureau Hospital within this state; and even the most liberal construction of the statute would not allow the commitment of a person charged with a capital offense to a hospital beyond the territorial jurisdiction of the state. Such an allowance would have to be in express and unmistakable terms, if it could be validly so enacted at all. The above observation is enough to indicate that the quoted statute did not embrace within its purpose the commitment to a federal hospital by a circuit court of a person held by it to answer an indictment for a capital offense, and we so hold without further elaboration of argument.

The case makes a strong appeal to us for relief, as doubtless it did to the trial judge, but the situation has not been covered by available legislative enactment, and it is, of course, not for the courts to make law or to legislate upon hardships for which the lawmaking power has not authorized the relief which is sought.

Affirmed.