KEHOE *v.* STATE.

(Division B. March 1, 1943.)

[12 So. (2d) 149. No. 35175.]

**T. N. Gore,** of Marks, and **John Horan,** of Water Valley, for appellant.

**Greek L. Rice,** Attorney-General, by **R. O. Arrington,** Assistant Attorney-General, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant was convicted of murder and given a life sentence. It is not contended that the evidence is insufficient to sustain the verdict, but the argued assignments have to do with errors asserted to have occurred in the conduct of the trial. It is to be admitted that this record in several respects other than that later pointed out is no model of polished procedure, but upon a careful examination of it we see no substantial error therein except those now to be stated.

Appellant, the deceased, one Kahn, and several others, were engaged in a poker game. During its progress Kahn made a remark, which, if directed to a particular person, would probably be regarded by that person as insulting. Kahn did not intend what he said as being directed towards any particular person, but appellant took the remark as being aimed at him and he replied to Kahn in language grossly and viciously abusive and in a menacing manner. The deceased had no part in this quarrel, and it had no relation whatever to the difficulty between appellant and deceased which occurred some two or three hours later, and after Kahn and all the other parties had gone home.

Although the incident above mentioned was one wholly disconnected from, and independent of, what later happened between appellant and the deceased, and although appellant had not put his character for peace or violence in issue, the state was permitted to give in evidence the details of the quarrel between the appellant and Kahn on the theory that it tended to show that appellant was of an aggressively quarrelsome and vicious disposition, and, therefore would throw light upon who was the aggressor in the subsequent, although disconnected, difficulty between appellant and the deceased.

The rule is stated in 1 Wharton Crim. Ev., 11th Ed., as follows: "As a rule, upon the trial of a criminal case, evidence of the commission of other independent crimes by the defendant is inadmissible to show either guilt or that the defendant would be likely to commit the crime with which he is charged, even though it is a crime of the same nature . . . Proof of other crimes cannot be shown to prove a habit or predisposition of the accused to commit crime on the ground that such proof would show a probability of the guilt of the defendant of the crime charged." This being the rule as to crimes actually committed, it embraces for the stronger reason an independent quarrel, whatever the conduct of the accused in that quarrel may have been. And while there are apparent exceptions to the foregoing rule, the case here before us comes nowhere near any such exception.

The error in admitting this evidence was aggravated by allowing questions to be propounded to appellant about this quarrel with, and extreme and truculent abuse of, Kahn and thereafter on rebuttal calling state's witnesses to impeach appellant in regard to that matter, and thereby to discredit him as a witness in his own behalf. No rule is better settled than that a witness may not be impeached or discredited about a matter incompetent, or irrelevant or immaterial to the case on trial, and this alone has sometimes been held sufficient for a reversal. Ware v. State,

145 Miss. 247, 110 So. 503. See the cases 14 Miss. Dig., Witnesses, key number 383.

In 11 Ency., Evidence, p. 799, cases are cited under note 55 wherein it is pointed out that proof such as has been above discussed cannot safely be said to have been without some influence on the minds of jurors; and we add that this must be true when the attention of the jurors has been emphasized upon it by using it also as the basis of an impeachment, and when the appellant himself was the only witness in his behalf as to the immediate facts of the homicide, and when against him there was only one witness to the same facts, as was the case here. Appellant's version was not so unreasonable as to be unbelievable, nor did it within itself convict the appellant, as the state contends. There are cases in which it has been held that errors such as above mentioned are not sufficient for a reversal, that is to say, when the competent evidence as a whole is of such great or overwhelming weight that no other verdict than that reached could have been expected, but we cannot confidently say that such is the case under this record.

Reversed and remanded.