SKINNER *v.* STATE.

(In Banc.   Oct. 8, 1945.)

[23 So. (2d) 501.   No. 35944.]

Cecil A. Rogers, of Meridian, for appellant.

**Greek L. Rice**, Attorney General, by **R. O. Arrington**, Assistant Attorney General, for appellee.

Argued orally by **Cecil A. Rogers**, for appellant, and by **R. O. Arrington**, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the Court.

Appellant was convicted in the Lauderdale County Circuit Court of incestuous relations with his fifteen year old daughter, and sentenced to a term of ten years in the penitentiary, from which he appeals. It is not neces-

sary to go into the disgusting and revolting details of the facts revealed in the evidence or to expatiate upon the depravity of a miscreant who would despoil his own little daughter; but it is necessary that we preserve changeless the principles of the law governing the issues in this case, as established in our jurisprudence. Over objections of appellant proof was offered of an attempt to commit incest and of three consummated acts. The appellant did not testify but his written confession of an attempt and three consummations was admitted in evidence over objection. A motion, in connection with the objections, for a mistrial was overruled by the court. The indictment was brought under Section 2000, Code of 1942.

On arraignment, counsel for appellant orally suggested to the court that because of his mental condition appellant was incapable of making a plea and moved the court to appoint a lunacy commission to determine the question. On the overruling of this motion, defendant, by his counsel, moved the court to allow the defendant to be tried solely on the issue of sanity without submitting the issue of guilt to the jury until the issue of sanity could be determined. This motion was also overruled.

Appellant cited Amendment Six of the Constitution of the United States, and the case of Youtsey v. United States, 6 Cir., 97 F. 937. This Court in Caldwell v. State, 176 Miss. 80, 167 So. 779, decided that the Sixth Amendment to the Federal Constitution respecting the rights of persons accused of crime has no application to state activities, it is not a limitation on the power of the states and is confined alone to Federal activities.

The authorities, including a decision of this state, Hawie v. State, 125 Miss. 589, 88 So. 167, decided in March, 1921, support the right of a defendant charged with crime orally to suggest to the court that he may be insane and that motion may be orally made. However, the latest decision of this Court on this subject, Davis v. State, 151 Miss. 883, 119 So. 805, is to the effect that this motion or suggestion must be accompanied by affidavits or the offer

of witnesses to prove insanity or inability to plead or conduct rational defense. In this case that was not done, so that the court was not required to suspend the trial and inquire into the sanity of appellant in the absence of affidavits or the offer of witnesses. The issue of insanity at the time of the commission of the crime was submitted to the jury by evidence on both sides, and instructions to the jury as to the law.

In Hawie v. Hawie, 128 Miss. 473, 91 So. 131, this Court held that where a party under indictment was held in jail by an order of the circuit court, he was within the exclusive jurisdiction of that court, and the chancery court had no jurisdiction to inquire into his insanity under a writ de inquirendo lunatico. We take it that the lunacy commission to which appellant referred in his motion intended this proceeding. The court was correct in the ruling as to all of these matters supra in our judgment.

This brings us to the matter of a confession which was made freely and voluntarily, according to the evidence, but as to which objection was made that it contained admissions of separate offenses and was therefore inadmissible. Gunter v. State, 180 Miss. 769, 178 So. 472. In that case, the Court said: "It is the general rule that a confession containing admission of guilt of a separate offense, and independent of the one inquired into, is not admissible, Baygents v. State, 144 Miss. 442, 110 So. 114; McLin v. State, 150 Miss. 159, 116 So. 533." In our judgment, the trial court was in error in admitting appellant's confession of more than one crime against him, under an indictment charging only a single offense, even though they were of the same or similar nature. Floyd v. State, 166 Miss. 15, 148 So. 226.

Evidence was offered by the state of an attempt and three consummations of incest over the objection of appellant and in violation of the established holding of this Court. Love v. State, 142 Miss. 602, 107 So. 667; Kehoe v. State, 194 Miss. 339, 12 So. (2d) 149. In King v. State,

66 Miss. 502, 6 So. 188, 189, the Court held that after the state had proved distinctly one crime, it was error to admit testimony of other and independent crimes of the same nature. "The general rule is that the issue on a criminal trial shall be single, and that the testimony must be confined to the issue. . . . When there are several offenses, for either one of which the accused may be convicted under the indictment, the prosecution should elect the offense which it will pursue, and the testimony should be confined to that offense, unless the case is within some of the exceptions which render the proof of other distinct offenses admissible. . . . If there is evidence of two separate offenses, and the jury may convict of either, six of the jury may believe that the accused is guilty of the first, and not of the second, while the other six may believe that he is guilty of the second offense, and not of the first. The result would be that all the jury would agree that he was guilty, without agreeing on the offense of which he was guilty." This case does not come within any of the exceptions to the rule. Collier v. State, 106 Miss. 613, 64 So. 373; Keel v. State, 133 Miss. 160, 97 So. 521; Clark v. State, 181 Miss. 455, 180 So. 602.

Motion was made at the conclusion of the evidence by the state to require the district attorney to elect on which charge he would ask a conviction of guilt, and this motion was overruled. It is argued by the attorney general that evidence of other and independent offenses was rendered harmless by virtue of this instruction granted the state: "The court instructs the jury for the state. That if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Henry C. Skinner, had carnal knowledge of his daughter, Pauline Skinner, on either of the occasions as testified about, it will be your sworn duty to find the defendant guilty. Provided, however, that all twelve members of the jury agree that he is guilty of any one single act of intercourse, and further, that the jury believes beyond every reasonable doubt that the defendant knew the difference between right and

wrong of his acts at the time of the commission of such act, if any.'' This instruction, in effect, authorizes the jury to pick out which one of the several independent crimes they considered best proven by the evidence, and would thus require the weighing of appellant's guilt as to each of them, with cumulative effect upon a final verdict. The verdict of the jury was: ''We, the jury, find the defendant guilty as charged.'' All of the offenses occurred in 1944, and the indictment reads that the crime charged occurred on the ——— day of ———, 1944 (we are not to be understood as holding that this form of stating the time in the indictment was not permissible), and one of the crimes introduced into evidence was an attempt and three were consummations. A man may not be tried and convicted on more than one charge of crime at the same time. This is a simple statement which needs no elaborate argument to sustain its soundness and justice. Here, furthermore, we have a general verdict brought on an indictment of a single count, which verdict was based on evidence of at least four independent offenses, and there is no way to determine which one of the three consummated was selected by the jury as the basis of their verdict of guilt. Appellant was not accused of an attempt to commit incest, although evidence of it was permitted to go to the jury, but he was indicted for one and tried for three acts of incest. We do not think this instruction cures the error committed. It may be that establishment of jeopardy intervenes here as a valuable right of defendant, in addition to what has been said supra, and is said post. In a subsequent indictment for this same offense during the same period, appellant apparently would be helpless to establish sufficiently a plea of former jeopardy because unable to show by the record in this case the particular charge, of several, of which he was tried and convicted.

But even if former jeopardy be unimportant or not pertinent here, yet, it may arise as a factor. It was mentioned by Judge Arnold in King v. State, supra: ''The

suggestion that appellant's conviction of either of the sales given in evidence in this case would operate as a bar against his being subsequently prosecuted for the others does not meet the objection made by him. He is not now looking out for barriers against other prosecutions, but is complaining of injustice being done in his present conviction. He claims that he ought not to have been convicted at all, and, if his conviction has been reached by improper methods, it is no answer to say to him that, if his conviction is allowed to stand, he cannot be convicted of the other sales.'' The judgment of the trial court was reversed for admitting evidence of more than one sale. We do not presently decide the effect on subsequent pleas of former jeopardy, of the situation under discussion, but consider reference to the possibility of such issue pertinent to the discussion here. The fact that statute since has somewhat changed the rule as' to sales of intoxicating liquors does not affect the principles concerned. To the same effect is the case of Floyd v. State, supra, in which this Court held that, in a prosecution for assault and battery on his wife by the defendant, the admitting of evidence of four prior assaults on her was prejudicial error.

The Attorney General in his brief concedes the seriousness of the admission of evidence of several offenses before the jury in the trial of this case, but relies upon Supreme Court Rule 11, 161 Miss. 903. We do not think that rule can be successfully invoked here to save a reversal of this case because the situation here does not come within that class of decisions holding that an error must not only have been committed but the error must have been prejudicial to the defendant. Cody et al. v. State, 167 Miss. 150, 148 So. 627; Thomas v. State, 117 Miss. 532, 78 So. 147, Ann. Cas. 1918E, 371. We take this view because in Love v. State, supra, which was an incest case, this Court, speaking through Mr. Justice Ethridge, held that the introduction of evidence for more than one offense under an indictment containing one count not only

was error but was reversible, in other words prejudicial error, although in that case as in this case evidence of the guilt of the appellant was sufficient to establish it; and in the Floyd case it was held prejudicial error. So that in the face of positive adjudication by this Court that such a course in a criminal trial is prejudicial, Rule 11 and authorities to the effect that mere error without prejudice will not cause a reversal, where it was manifest that the appellant was guilty, have no application here.

Also the Court in Love v. State, supra, holds that the district attorney should have been required to elect, and appellant in this case made a motion to that effect but it was overruled, which we think was error.

In view of the stated errors of the court in the trial of this cause above enumerated, the judgment of the trial court must be reversed and the cause remanded.

Reversed and remanded.