390 So.2d 990 (1980)
Jimmy SPEAGLE
v.
STATE of Mississippi.
No. 52093.
Supreme Court of Mississippi.
November 26, 1980.
*991 William B. Sullivan, Laurel, for appellant.
Bill Allain, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
WALKER, Justice, for the Court:
Jimmy Speagle appeals from his conviction in the Circuit Court of Jones County for the crime of incest, as defined by Mississippi Code Annotated section 97-29-5 (1972), for which he was sentenced to serve a term of ten years in the penitentiary.
The evidence on which the conviction rests was conflicting and thus presented a question for the jury to resolve. At the conclusion of all the testimony, the defense moved for a peremptory instruction, which the lower court correctly declined to give. Peremptory instructions should be refused if there is enough evidence to support a verdict. Warn v. State, 349 So.2d 1055 (Miss. 1977). The prosecuting witness testified in sufficient detail that the specific act of intercourse described in the indictment occurred on the date alleged, and this testimony was corroborated, in part, by other testimony.
The defendant's principal assignment of error is that the lower court erroneously refused to grant him a continuance. He contends that his attorney needed more time to prepare for trial. The indictment was returned against Speagle on November 6, 1979. He appeared before the court on November 7, 1979, and stated that he had employed a lawyer. He was arraigned on November 12, 1979, and was represented by counsel, Mr. Ed Stevens, at that time. He pleaded not guilty and the case was set for trial on November 20, 1979. On November 19, 1979, Mr. William Sullivan, then representing the defendant, filed a motion for continuance, which was denied.
One of the primary complaints in the motion was that counsel had not had an opportunity to interview the prosecuting witness. In ruling on the motion, the court directed the district attorney to advise counsel of the whereabouts of this witness. The district attorney indicated that he would do so in the next fifteen minutes, and the record indicates that the prosecutor made his witness available that very day, and that defense counsel spoke with the witness at length before the trial. He cross-examined her at length during the trial and he presented several witnesses to contradict her testimony. There is, on this record, no indication that any injustice resulted from the denial of the continuance.
*992 Mississippi Code Annotated section 99-15-29 (1972) provides that the granting of a continuance is largely in the discretion of the trial judge and refusal to grant a continuance will not be grounds for a reversal unless that discretion has been abused, and the court is satisfied that an injustice has resulted therefrom. Having carefully reviewed the record, we cannot say that the trial court abused its discretion in overruling the motion for a continuance. See Shaw v. State, 378 So.2d 631 (Miss. 1979); Brown v. State, 252 So.2d 885 (Miss. 1971).
There was also alleged in the motion for a continuance that the accused had substituted counsel on or about November 14, 1979. In Ladnier v. State, 273 So.2d 169 (Miss. 1973), we pointed out that the voluntary substitution of counsel by a litigant during the course of trial is not, of itself, grounds for a continuance. The same can be said for the voluntary substitution of counsel prior to trial. In sum, the record does not indicate that any injustice resulted from the failure to grant a continuance.
Speagle also assigns as error the lower court's failure to order a blood test of the prosecuting witness. The purpose of the requested blood test was to ascertain whether the prosecuting witness was actually the defendant's blood relative.
The appellant has cited no controlling authority to support his proposition. In light of the fact that he has never denied that the girl was his daughter and, in fact, admitted on direct examination that she was his daughter, we do not deem it necessary to decide the question whether a defendant in an incest case may require the prosecuting witness to submit to a blood test. On this record it is clear that it was not an abuse of discretion to deny the request for a blood test.
The appellant also alleges the lower court erred in allowing testimony relative to other prior instances of sexual misconduct. The prosecuting witness was permitted to testify that other acts of intercourse had taken place during the month preceding July 28, 1978, and that these acts had occurred about three or four times a week. This testimony was admissible. Davis v. State, 367 So.2d 445 (Miss. 1979); Brooks v. State, 242 So.2d 865 (Miss. 1971).
In Brooks v. State, supra, we considered the same contention in a rape case. There, the defendant argued his confession was inadmissible because it showed that defendant was guilty of other similar or related offenses at times prior to the rape. This Court held the confession was admissible, overruling English v. State, 206 Miss. 170, 39 So.2d 876 (1949), stating as follows:
The general rule is that in a criminal prosecution evidence which shows or tends to show that accused is guilty of the commission of other offenses at other times is not admissible, unless the other offenses are reasonably connected with that for which he is on trial. There is a substantial number of these exceptions. Evidence of other crimes is admissible to prove identity of the defendant, scienter or guilty or criminal knowledge, criminal intent or purpose, motive, a plan or system of criminal action where a continuing offense is charged, or where other crimes form a part of the res gestae. Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962); 29 Am.Jur.2d Evidence §§ 320, 321 (1967). The "acid test is its logical relevancy to the particular excepted purpose or purposes" for which the evidence of prior offenses is sought to be introduced, and the considerations justifying the reception of evidence of other similar crimes has been held by some courts to be peculiarly applicable in prosecutions for sexual offenses." Id. § 321.
Accordingly, evidence is generally held to be admissible which shows or tends to show prior offenses of the same kind committed by defendant with the prosecuting witness. The courts assign various reasons for the admission of this evidence such as corroboration of the offense charged, to show the intimate relation between the parties, the lustful disposition of defendant toward the prosecuting witness, and the probability of his having committed the offense charged. An exhaustive annotation in 77 A.L.R.2d *993 841, 852 (1961), discusses many cases from other jurisdictions upholding this rule. (242 So.2d at 869).
The same annotation lists several incest cases from other jurisdictions holding that evidence which shows, or tends to show, that the defendant committed the same offense upon the same female on an occasion prior to the offense for which conviction is sought is admissible for the purpose of showing the lustful or lascivious relations existing between the parties and the defendant's disposition to commit the act, and to corroborate the testimony of the prosecutrix as to the particular act relied upon from conviction. Annot. 77 A.L.R.2d 841, 878 (1961 and Supp. 1975).
In 22A C.J.S. Criminal Law § 691(34) (1961), it is stated:
In accordance with the rules governing the admissibility of evidence of other offenses in prosecutions for sexual crimes generally, discussed supra § 691(29), in a prosecution for incest, evidence of prior acts of sexual intercourse between the same parties, or previous familiarities not amounting to actual intercourse, is admissible, not as affording proof of a separate substantive offense, but as corroborating other evidence of the act charged, and as tending to show the relations existing between the parties as bearing on the probability of the commission of the crime charged, if not too remote in point of time. This rule is applicable to prior acts of intercourse, although a prosecution therefor has been barred by the statute of limitations.
See also, 1 Wharton's Criminal Evidence § 250 (13th Ed., Anderson, 1972).
In Skinner v. State, 198 Miss. 505, 23 So.2d 501 (1945), we held that the admission of the defendant's confession of more than one act of incest, under an indictment charging a single offense, was error, even though the other crimes were of the same or similar nature.
The Skinner case cited Love v. State, 142 Miss. 602, 107 So. 667 (1926) for the proposition that proof of more than one offense under an indictment containing only one count was prejudicial error. But in Love, the evidence of prior offenses was held to be admissible to prove the defendant, on trial as an accessory to incest, knew that the parties were related as father and stepdaughter. However, Love was reversed because the lower court instructed the jury that they might convict if they believed the offense occurred on the date alleged in the indictment or on any prior date.
In the present case, before the court allowed the testimony of prior acts of incest to go to the jury it instructed the jury as follows:
Members of the jury, before we continue with this testimony I now caution you that the defendant is being tried for a crime that is alleged to have occurred on the 28th day of July, 1978, and if, when you have heard all of the testimony and received the instructions of the court his guilt or innocence of the crime charged on that date will be the only decision you will make in this case regardless of what this other proof shows.
This instruction was proper and distinguishes this case from Skinner v. State, 198 Miss. 505, 23 So.2d 501 (1945) and Love v. State, 142 Miss. 602, 107 So. 667 (1926).
We now hold that insofar as Skinner held that evidence of more than one crime of incest was inadmissible in a prosecution for a single incestuous offense, that decision was in error. Accordingly, on that point we overrule Skinner and hold that evidence of prior sexual acts with the same person in prosecutions for incest is admissible for the same reasons as outlined in Brooks v. State, supra.
The appellant next argues the lower court erred in failing to dismiss the charges before trial, basing this argument on an analogy to Mississippi Code Annotated section 99-17-1 (Supp. 1979). That section deals with a delay in bringing the case to trial after arraignment. In this case the defendant was arraigned only one week prior to trial. The fact that the trial did not occur until over sixteen months after the alleged act did not deny the defendant any *994 right to a speedy trial. Preindictment delays are controlled exclusively by the applicable statute of limitations. See, i.e., Campbell v. State, 309 So.2d 172 (Miss. 1975).
The appellant also alleges the court erred in failing to allow proper voir dire. He complains that defense counsel was required to propound questions to the entire panel. Nearly the identical issue was raised recently in Gray v. State, 375 So.2d 994 (Miss. 1979). The appellant has failed to show that he suffered any prejudice through the use of the Stennis method of voir dire rather than the jury-box method. Nor is there any showing, or even an allegation, that the jury selected in the case was not fair and impartial. The trial court did not abuse its broad discretion in conducting voir dire.
The remaining assignments of error have no merit. There being no prejudicial error asserted, the judgment and sentence appealed from must be affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.