## KENNEDY v. STATE.*

(In Banc.  June 8, 1925.  Suggestion of Error Overruled June 23, 1925.)

[104 So. 449.  No. 24686.]

1. ARREST.  *Officer may arrest without ? ~~rant person committing felony not in his presence or on reasonable grounds amounting to probable cause to believe that person has committed felony.*

An officer may arrest any person without a warrant when such person has committed a felony, though not in the presence of the officer, or when a felony has been committed and the officer has reasonable grounds amounting to probable cause to believe that the person proposed to be arrested has committed a felony.

2. ARREST.  *Sheriff informed by credible witness of presence of still may go on premises without warrant to seize it; sheriff informed by credible witness of presence of still may go on premises without warrant to arrest person possessing it.*

Where a private person goes upon the premises of another and discovers a distillery for the manufacture of intoxicating liquors and disclosed such information to the sheriff, and such person is a credible witness, the sheriff may go upon the premises without a warrant for the purpose of seizing the still and making the arrest of the person possessing it.

3. ARREST.  *Criminal law.  Intoxicating liquors.  Still seized may be offered in evidence on trial of persons arrested for possession of it.*

It being a felony under the laws of this state to own a distillery, or the integral parts thereof, when an arrest is made under the circumstances mentioned in the opinion, the still may be seized and may be offered in evidence on the trial of the person arrested.

*Headnotes 1. Arrest, 5 C. J., sections 28, 30; On liability of officer for making an arrest wihout warrant for felony, see note in 51 L. R. A.; pp. 203, 225; 2 R. C. L., pp. 447, 450, 451; 1 R. C. L. Supp. 543; 4 R. C. L. Supp. 111; 5 R. C. L. Supp. 97, 98; 2. Arrest, 5 C. J., section 46; Intoxicating Liquor, 33 C. J., section 376 (1926 Anno.); 3. Arrest, 5 C. J., section 74; Intoxicating Liquor, 33 C. J., section 376 (1926 Anno.).

APPEAL from circuit court of Pike county.
HON. E. J. SIMMONS, Judge.

Wesley Kennedy was convicted of unlawfully distilling intoxicating liquors, and he appeals. Affirmed.

*R. N. & H. B. Miller,* for appellant.

Was the evidence of the state of Simmons, Berryhill, & Guy admissible?—it wholly consisted of evidence obtained by search of appellant's farm and premises without a search warrant. The still was found in the woods on the farm of appellant without a search warrant. Simmons, it may be said was a private citizen. He found the still by an unlawful search of the premises of appellant, and led the officers to it. The answer to this is that, whilst the statute authorizes a private citizen to arrest for a felony committed in his presence, no law authorizes a private citizen to search without a search warrant the premises of his neighbors and then lead officers to his premises for his arrest. The whole evidence was obtained by unlawful search of appellant's premises. Simmons in this case was the agent of the officers in searching without a warrant, and the evidence was illegally obtained, and cannot be submitted in evidence.

If this case is affirmed it will abrogate section 23 of the Constitution. The statement that the people shall be secure in their persons, houses, and possessions from unreasonable search, etc., becomes a mockery and farce as held by this court in the following cases and particularly in *Falkner* v. *State,* 98 So. 691; *Tucker* v. *State,* 128 Miss. 211; *Williams* v. *State,* 129 Miss. 469; *State* v. *Patterson,* 130 Miss. 680; *Williams* v. *State,* 130 Miss. 827. "It's better to bear with a rat or two, rather than burn down the barn to catch one." This case ought to be promptly reversed and the proper judgment of his discharge entered.

*F. S. Harmon,* Special Assistant Attorney-General, for the state.

The Arrest of This Appellant by These Officers Entering upon His Unfenced, Wooded Land Without

A WARRANT WAS PROPER, SINCE SAID OFFICERS ACTED UPON
PROBABLE CAUSE THAT A FELONY WAS THERE BEING COM-
MITTED, TO-WIT: THE POSSESSION OF A STILL, AND AN-
OTHER FELONY, TO-WIT: THE MANUFACTURE OF INTOXI-
CATING LIQUOR, WAS IN FACT BEING COMMITTED AT THE
MOMENT OF ARREST. The doctrine announced in *Dono-
van Moore* v. *State,* 138 Miss. 116, 103 So. 483 is applicable
here. Be it remembered that the sheriff and his deputy
came upon the land of this appellant only when informed
by a credible person, to-wit: Witness Simmons, that said
Simmons had actually seen contraband property, to-wit:
The whiskey still, concealed on this land. The sheriff
therefore, acted upon information sufficient to judicially
establish probable cause and to have enabled him to have
secured a warrant. In addition, a private individual
who had seen a felony actually being committed, to-wit:
the possession of a whiskey still, on this land accompanied
the sheriff on his trip to make the arrest.

As was pointed out by the chief justice in his opinion
in *Donovan Moore* v. *State, supra,* section 5, chapter 189,
Laws 1918, provides that no property rights of any kind
shall exist in intoxicating liquor, or appliances used in
its manufacture or transportation, and that all such liq-
uors and appliances "may be seized by the sheriff or any
other lawful officer of the state and destroyed and ren-
dered useless by him without any formal order of the
court."

Surely the sheriff was here doing nothing more than
this Law of 1918 made it his duty to do. The sheriff
was not hunting for a still, the sheriff was merely going
to a previously located spot where his informer, a cred-
ible person, Witness Simmons, had previously seen this
contraband appliance hidden, and the sheriff was go-
ing there for the purpose of "rendering this appliance
useless" and apprehending the person who was com-
mitting a felony by having it in possession. To do this,
according to the statute of 1918, did not require "the
formal order of any court."

Again, this court held in *Donovan Moore* v. *State,* that: "Section 23 of the Constitution does not prohibit all searches and seizures, nor does it in express terms require a warrant therefor. It prohibits first, unreasonable searches and seizures; and second, the issuance of warrants 'without probable cause, unsupported by oath or affirmation,' specially designating the peace to be searched and the person or thing to be seized."

It is our contention that in the light of the facts in this case the search and seizure here made was not an unreasonable search and seizure within the meaning of the Constitution. Here was open, unfenced wooded land, four miles distant from the home of this appellant. Here was Witness Simmons actually leading the officers to a spot which he had previously located, to a still which he had previously found. We insist, in the light of the facts of this case, that such a search and seizure as was here made was not unreasonable.

"The place searched" was open, unfenced woodland, remote from human habitation; the "thing seized" was an article "which it is unlawful to possess," and which by its very existence offends against the law. "The purpose for which" the seizure was made was the arrest of a felon actually in the commission of a felony at the moment. That "probable cause" was present is evident from the testimony of Witness Simmons who besought the sheriff to go with him and make the arrest after having located the contraband property.

Nor is this all. Section 1204, Hemingway's Code, section 1147, Code 1906, entitled: "Arrests: When made without a warrant" provides that "an officer or private person may arrest any person without a warrant . . . when a felony has been committed and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it . . . " The sheriff knew when he entered upon this land that a felony had been committed, since a credible person who had seen this contraband still had given him the information. As long as the still remained secreted on this land and

therefore in possession, the possessor thereof was a felon subject to instant arrest. Chapter 189, Laws 1918, makes it mandatory upon the sheriff "without any formal order of any court." to seize any and every appliance for making liquor and render them useless.

The state insists, therefore, that under the well-settled doctrine of arrest, both at common-law and under our statute just quoted, the sheriff was simply performing his sworn duty when he accompanied Simmons on this expedition and arrested this appellant at the very instant when he was committing two separate and distinct felonies, to-wit: the possession of a still and the manufacturing of intoxicating liquor. *Monette* v. *Toney* (1919), 119 Miss. 853.

It is submitted that just as under this opinion an officer may enter upon premises to make the arrest of a person charged with crime, just so such officer can enter upon premises "to arrest a thing which itself offends against the law;" a thing in which all property right has been destroyed and the possession of which constitutes a felony; a thing which chapter 189, Laws 1918, commands the officer "to make useless without the formal order of any court."

We insist, therefore, that regardless of section 3, chapter 244, Laws 1924, the search, seizure and arrest here made were not unreasonable within the evident meaning of section 23.

Argued orally by *Francis Harmon,* Special Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, Wesley Kennedy, was convicted of unlawfully distilling intoxicating liquors. The prosecution grew out of an arrest for distilling intoxicating liquors under the following circumstances:

One C. A. Simmons, a private citizen, about four days prior to the arrest, went to the premises jointly leased

by Wesley Kennedy and Jesse Kuykendall and found secreted upon the premises a distillery and some barrels of mash. Simmons returned to the place where the still was found the day before the arrest and the distillery was still at the place and the mash was sufficiently fermented to justify the belief that it would be run the following day. Simmons got into communication with the sheriff either by telephone or by personal contact and disclosed this information and requested the sheriff to accompany him the following day, which the sheriff did. As they approached the premises in question, the sheriff and a deputy remained in the rear while Simmons advanced with a gun to the place where the still was located and there found Kennedy and Kuykendall operating the still; the appellant, Kennedy, being engaged at the time in measuring up the liquors which were being run, and Kuykendall being also engaged in some part of the operation of the still. Simmons covered Kennedy with a gun, placed him under arrest, and called the sheriff to come and put the handcuffs upon Kennedy, and the still was seized and Kennedy and Kuykendall were taken into custody.

On the trial of the defendant Kennedy, Simmons alone was placed on the witness stand by the state, but a still outfit was introduced in evidence over the objections of the defendant. At the conclusion of the state's testimony, the defendant placed the sheriff on the stand and proved by him that he had no search warrant, and that he acted upon the information of Simmons, and that he and his deputy in company with Simmons proceeded upon the premises of the appellant on said occasion without a search warrant. The sheriff testified that he was not searching, but that he went along for the purpose of arresting any person who might be found violating the law. There was a conviction and a verdict and judgment sentencing the appellant to the penitentiary for such distilling.

It was urged on this appeal that inasmuch as there was no search warrant for the search of the premises of

the appellant, the evidence was incompetent against him. *Tucker* v. *State*, 128 Miss. 211, 90 So. 845, 24 A. L. R. 1377; *Owens* v. *State*, 133 Miss. 753, 98 So. 233; and *Falkner* v. *State*, 134 Miss. 253, 98 So. 691. It is urged by the state that these cases are not applicable because there was a lawful arrest for a felony being committed at the time, and that the property seized was admissible because incidental to an arrest. It is further insisted that if this is not true, still the evidence is admissible because section 3, chapter 244, Laws of 1924, makes it admissible regardless of the legality of the invasion of the premises.

Section 1204, Hemingway's Code, section 1447, Code of 1906, provides: "An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge, made upon reasonable cause, of the commission of a felony by the party proposed to be arrested. And in all cases of arrests without warrant, the person making such arrest must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit."

Under this section above set out, an officer or private person may make an arrest without the warrant where a felony has been committed and the officer has reason to believe that the defendant is the person who committed it, or on a charge made upon reasonable cause of the commission of a felony by the party to be arrested.

In 2 R. C. L., p. 446, section 3, it is stated: "In England, under the common law, sheriffs, justices of the peace, coroners, constables and watchmen were intrusted with special powers as conservators of the peace, with authority to arrest felons and persons reasonably suspected of being felons. Whenever a charge of felony

was brought to their notice, supported by reasonable grounds of suspicion, they were required to apprehend the offenders, or at least to raise hue and cry, under penalty of being indicted for neglect of duty. Conservators of the peace also had the authority to make arrests without warrants in case of a misdemeanor which involved a breach of the peace committed in the presence of the officer making the arrest. The right to dispense with warrants in these instances probably had its origin in the necessity of preventing the escape of offenders during the period of delay incident to producing warrants if such formality had been required. Although policemen were unknown to the common law, they are generally considered as being the legal equivalent of watchmen, and where public officials are expressly authorized by statute or by municipal ordinance to conserve the peace, they have, in making arrests, all the common-law authority of constables and watchmen, and they arrest any person whom they, upon reasonable ground, believe has committed a felony, although it afterwards appears that no felony was actually perpetrated. This right of an officer to make an arrest for a felony is absolute, and exists in cases of felonies created by statute as well as those recognized by the common law, and a constable or other police officer is not bound to procure a warrant before making an arrest for a felony, although there may be no reason to fear an escape in consequence of delay in procuring the warrant. It seems that an officer also has authority to take steps to prevent the commission of a felony by arresting a person when he has reasonable ground to believe that the latter is about to commit a felony, and that persons acting and recognized as *de facto* police officers have the same right as *de jure* officers in making arrests. Police officers likewise have the right to arrest without a warrant any person who commits a breach of the peace in their presence, although the offense does not amount to a felony.''

In 5 Corpus Juris, p. 399, section 30, it is said: "At common law, and subject to the provision of any appli-

catory statute, a peace officer may arrest, without a warrant, one whom he has reasonable or probable grounds to suspect of having committed a felony, even though the person suspected is innocent, and, generally, although no felony has in fact been committed by any one, although, under some statutes, a felony must have been actually committed, in which case an officer may arrest, without a warrant, any person he has reasonable cause for believing to be the person who committed it. But in any case, in order that an officer may be justified in making an arrest, without a warrant for an offense not committed in his presence, but merely on suspicion of a crime committed, the crime must be at least technically a felony, and the officer making the arrest must have reasonable grounds for believing that the person arrested committed it."

In the case of *White* v. *State,* 70 Miss. 253, 11 So. 632, the court said: "It was competent for the state to prove that the appellant had been guilty of burglary on the night preceding the homicide, because:

"(1) That fact tended to show that the deceased had the right to arrest the appellant without a warrant.

"(2) It tended to show that appellant knew why he was sought to be arrested.

"The pursuit of appellant was a fresh pursuit, within the meaning of section 3026, Code 1880, . . . and where, as in this case, a felony is committed at night, discovered in the morning and the officer immediately follows and overtakes the felon, who is attempting to escape, it is not necessary that he shall have a warrant for his arrest."

In *Tolbert* v. *State,* 71 Miss. 179, 14 So. 462, 42 Am. St. Rep. 454, it was held that an escaped felon who had knowledge that he was about to be arrested could not resist the officers seeking to arrest him, even though they were secreted near a pathway which he was traveling and did not respond to his question as to who is there, and did not disclose their purpose to arrest him, and that where

such convict killed one of the parties seeking to arrest him he was guilty of murder.

The same doctrine is announced in *Cryer* v. *State,* 71 Miss. 467, 14 So. 261, 42 Am. St. Rep. 473. At page 474 of 42 Am. St. Rep. (71 Miss. 470, 14 So. 261), the court said: "By law 'an officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence, or when a person has committed a felony, though not in his presence; or when a felony has been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it; or on a charge made upon reasonable cause of the commission of a felony by the party proposed to be arrested. And, in all cases of arrests without warrant, the person making such arrest, must inform the accused of the object and cause of the arrest, except when he is in the actual commission of the offense, or is arrested on pursuit."

In *Toliver* v. *State,* 133 Miss. 789, 98 So. 342, we held that where a person was lawfully arrested a search might be made and that evidence so obtained was admissible.

So it appears clearly under the law of this state that for a felony committed, and where reasonable grounds exist that the person sought to be arrested has committed it, the officer can make arrest without a warrant.

By chapter 211, Laws of 1922, it is provided: That it shall be unlawful for any person, persons or corporations to own or control, or knowingly have in his, their or its possession any distillery commonly called a 'still,' or any integral part thereof, except as hereinafter provided.

"That any person or persons violating the foregoing section shall be guilty of a felony and upon conviction thereof shall be confined in the penitentiary for a term not exceeding three years," etc.

In the case before us a private citizen, Simmons, had discovered a still secreted on the property of the appellant and had probable cause for believing that ap-

pellant was the owner thereof and that he would be engaged in the manufacture of intoxicating liquors, which is also a felony, on the day when he was arrested. It was therefore lawful for the officer and Simmons to go upon the premises for the purpose of seizing the still and arrest the owner thereof on such probable cause or belief that he was the owner thereof, and when they found the appellant engaged in the actual manufacture of intoxicating liquor he was then committing a felony and was lawfully arrested under the above authorities. The arrest being lawful, it was permissible to offer in evidence the still or parts thereof.

The question of the constitutionality of section 3, chapter 244, Laws of 1924, does not arise in this case.

The judgment will be affirmed.

*Affirmed.*

### Separate Opinion.

Smith, C. J.

I am of the opinion that the judgment of the court below should be affirmed, but am not prepared to concur in all of the implications of the opinion in chief, one of which seems to be that an officer may enter and search a residence or similar place on information that an article, the possession of which is a crime, is concealed therein, provided only his ultimate object is to seize or destroy the article and to arrest the person in whose possession it may be found.