INGRAM v. STATE.*

(Division B.    Feb. 14, 1927.)

[111 So. 362.    No. 25930.]

1. ARRESTS.    *Criminal law.    On credible information concerning manufacture of liquor, sheriff may go on land to arrest without warrant; sheriff and deputy, acting on credible information and going on land without warrant, may seize still, parts thereof, or mash and testify as to knowledge so gained.*

Where the sheriff and his deputy receive credible information that a felony is being or has been committed at a named place, and that preparations are being made for further commission

of the felony or felonies, in the manufacture of intoxicating liquor, they may go upon the land where the felony has been and is being committed, for the purpose of making an arrest without procuring a warrant therefor, and where they discover a still or the integral parts thereof and mash fermented for the purpose of carrying on such manufacture, they may seize same and may give evidence against the person guilty of such felony in reference thereto.

2. CRIMINAL LAW. *Intoxicating liquors. Admissibility of evidence dependent on facts for competency is for judge, whose decision, based on conflicting evidence, will not be disturbed; whether evidence of seizure of still and mash without warrant was admissible and preliminary facts on which admissibility depended held for judge; evidence held to sustain conviction for attempting to distill intoxicating liquor.*

Admissibility of evidence which depends upon facts for its competency is for decision of the judge, and his decision holding it competent, on conflicting evidence, will not be disturbed on appeal. The judge had a right to pass upon the admissibility of the evidence and to determine the preliminary facts upon which this admissibility depends.

---

*Corpus Juris-Cyc. References: Arrest, 5CJ, p. 417, n. 5; p. 434, n. 84; Criminal Law, 16CJ, p. 926, n. 63; 17CJ, p. 264, n. 89; Intoxicating Liquors, 33CJ, p. 758, n. 81.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

D. W. Ingram was convicted of an attempt to distill intoxicating liquor, and he appeals. Affirmed.

*Jas T. Crawley,* for appellant.

The court erred in admitting testimony showing a search of the appellant's premises without a search warrant over the objection of appellant. It is the universal rule of law that a tenant has the right of exclusion against every person except the landlord and against him in a great many things. This court has repeatedly held that evidence secured on the premises of a person without a· search warrant is inadmissible against the ac-

cused over his objections. *Tucker* v. *State,* 90 So. 845; *Falkner* v. *State,* 98 So. 691; *Sanders* v. *State,* 106 So. 822.

The evidence is undisputed in this case that there was no warrant for the search of the premises of the defendant and that the authority for entering the premises was because of a warrant for Tom Ingram's place. This being true, the evidence was inadmissible and should have been excluded.

*W. A. Scott, Jr.,* Special Agent, for the state.

When an officer has probable cause to believe that a felony is being committed or has recently been committed, he has a right and it is his duty to enter property, not to conduct a search, but to apprehend the person charged with committing the crime. *Monette* v. *Toney,* 81 So. 593, 119 Miss. 846; *Pickett* v. *State,* 104 So. 358, 139 Miss. 529; *Kennedy* v. *State,* 139 Miss. 579, 104 So. 449; *Love* v. *State,* 107 So. 667.

This case falls within the rule announced in the foregoing decisions. Here the officers had reasonable cause to believe that liquor was being manufactured on the premises and acting on this belief they went to the property to arrest the person committing the felony. In *King* v. *State,* 137 Miss. 751, 102 So. 840, this court held that the question of whether property is searched without out a warrant should be submitted to the jury.

As to the purpose for which these officers entered the premises, each of them testify that they entered to make an arrest and not to conduct a search. This testimony is undisputed either by direct testimony or by circumstances, and it is not improbable, and we submit, therefore, that the jury had the right to pass upon its credibility and to accept the officer's version.

If the state's testimony is reliable, and the jury evidently believed it, then the officers were not required by law to have a search warrant; hence the question of

146 Miss.—20.

whether the property in question was rented by appellant becomes immaterial.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, D. W. Ingram, was convicted in the circuit court of Leake county of an attempt to distill intoxicating liquor, on an indictment charging him with the manufacture of intoxicating liquor.

It appears from the evidence that the sheriff's office was informed that certain intoxicating liquors had been and were being manufactured at a given point in the county, and that a barrel of mash was there ready to be manufactured into intoxicating liquor. Having procured this information, the sheriff secured a search warrant to search the premises of T. W. Ingram and proceeded to the point where the information obtained indicated that the liquors were brought to be manufactured and had been manufactured, where they found a barrel of mash in the stage of fermentation ready to be manufactured. They secreted themselves near this barrel, and several hours afterwards one Cal Ingram, a brother of appellant, came to the barrel, examined it, and went away. The officers remained some time in hiding, and then went to some point and spent the night, returning early the next morning, and again secreted themselves. Shortly thereafter, the appellant and Cal Ingram came to where the barrel was, and went and got their container, which, the proof indicates, was a part of the still, filled it with the mash, and started to the point where a furnace had been built. They stopped to rest between the barrel and this point right near where the officers were in hiding, and the deputy sheriff stepped out and undertook to arrest them, but they fled and so avoided arrest. The proof shows that appellant left the state for some two or three months, and returned into a neighboring county and was there working, when he was arrested shortly before the trial. The search warrant was

served upon T. W. Ingram, the owner of the land upon which the still was found. The officers, however, testified that they went up there to make arrest of the parties engaged in distilling. They used the term "they," engaged in distilling, without specification, and no effort was made by either side to show exactly whom the information implicated in the manufacture of liquor. The evidence was objected to upon the ground that it was an unlawful search, and demand was made for the production of the affidavit and search warrant, but the proof showed that the search warrant and affidavit had been lost, and there was no specification, other than the evidence, showing that the Ingram place was described generally. T. W. Ingram was put on the stand as a witness, and he testified that, while the appellant was only eighteen years of age and lived with him in his home, he had emancipated him and had rented him the entire forty acres upon which the mash and integral parts of the still were found, and that the appellant had full control over this land. There is no pretense that the search warrant was obtained to search any property belonging to the appellant.

As stated above, however, the state proceeded upon the idea that it went upon the premises for the purpose of making an arrest, and that they had information that a felony, to-wit, the manufacture of liquor, had been committed and was about to be again committed upon the land, and that, as they were acting upon probable cause in seeking the arrest of a felon, where a felony had been committed, they did not have to rely upon the search warrant. *Monette* v. *Toney,* 119 Miss. 846, 81 So. 593, 5 A. L. R. 261; *Pickett* v. *State,* 139 Miss. 529, 104 So. 358; *Kennedy* v. *State,* 139 Miss. 579, 104 So. 449.; *Love* v. *State* (Miss.), 107 So. 667.

While the proof as to the person they intended to reach and arrest upon the information is not as clear and satisfactory as it ought to be, still, we think the proof was sufficient to show that a felony had been committed, and

that the officers had probable cause to believe that such information was founded upon fact; and we think the going upon the land for the purpose of effecting the arrest upon this information was legal and authorized the admission of evidence on the part of the state.

The appellant also contends that the question of probable cause should have been submitted to the jury, to determine whether a probable cause existed or not.

Admissibility of evidence is for the court, and, when the court, on a preliminary hearing, adjudges the evidence to amount to a probable cause, it may then go to the jury, and the jury then determines the facts from the evidence. *McNutt* v. *State,* 143 Miss. 347, 108 So. 721.

However, the judge's finding of probable cause is subject to review in this court. The evidence so admitted goes to the jury for consideration with all the facts pertinent to the charge, and, if the evidence, as a whole, warrants a conviction, it will be upheld by the court.

We think, in the case before us, that the evidence was sufficient to sustain a conviction, and the judgment of the court below will be affirmed.

*Affirmed.*