WALLACE v. STATE.*

(Division B.   March 5, 1928.)

[115 So. 778.   No. 26520.]

ARREST.  *Officer, on information, amounting to probable cause, that felony has been, or is being, committed, may go on premises without warrant to arrest; officer, legally going on premises without warrant to arrest for felony, may testify to finding still, though flight prevented arrest.*

Where an officer has information, amounting to probable cause, that a felony has been committed, or is being committed, he may go upon the premises where the crime has been, or is being, committed, without a warrant, and make an arrest, and if, in so doing, he finds a still in possession of the defendant, he may testify to such fact, although he was prevented, by the flight of the person sought to be arrested, from making arrest.

*Corpus Juris-Cyc. References: Arrest, 5CJ, p. 399, n. 78; p. 434, n. 84.

APPEAL from circuit court of Itawamba county.

HON. C. P. LONG, Judge.

Ed Wallace was convicted of having possession of a still, and he appeals.  Affirmed.

See, also, 149 Miss. 198, 115 So. 342.

*I. L. Sheffield,* for appellant, and *James. W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

ETHRIDGE, P. J.  Ed Wallace was indicted and convicted for having in his possession a still, and, from said conviction, he appeals to this court.

The evidence introduced against the defendant was objected to on the ground that there was no search warrant served upon him, and that therefore the evidence obtained was unlawful.

It appears that a party who owned the timber growing upon the lands of Wallace was on said lands, looking after his timber interest, and came upon a still located thereon, and thereupon reported that fact to the deputy sheriff, who, in turn, reported it to the sheriff; that shortly thereafter the sheriff, the deputy sheriff, and this party went upon the lands in question for the purpose of making an arrest of the defendant, and found him at the still, in company with another, and they were operating it. About the time the officers and the private citizen appeared upon the scene, Wallace and his companion left the still, going in a pathway leading toward the home of Wallace. The sheriff, with his deputy and the private citizen, went around, and came upon Wallace and his companion en route to Wallace's home, threw a flash-light upon them, and attempted to arrest them, but they fled, and their arrest was averted that night.

Wallace was identified by the sheriff, the deputy, and the private citizen as being one of the parties at the still, and assisting in its operation, and testified that he had whisky in his possession when they attempted to arrest him. Upon this evidence the appellant was convicted.

When the state offered its evidence, the defendant objected on the ground that, while the officer had a warrant, he did not serve it upon the parties. The district attorney, thereupon, stated that the state expected to proceed upon the theory that the officer was seeking to arrest the appellant for a felony, and did not need a warrant so to do. The state relies upon *Kennedy* v. *State,* 139 Miss. 579, 104 So. 449, in which it was held that, where an officer has information, amounting to probable cause, that a felony has been committed, or is being committed, he may make an arrest without a warrant. The rule as stated in that case is that, an officer may arrest any person without a warrant when such person has committed a felony, though not in the presence of the officer, or when a felony has been committed and the offi-

cer has reasonable grounds, amounting to probable cause, to believe that the person proposed to be arrested has committed a felony.  To the same effect is *Love* v. *State*, 142 Miss. 602, 107 So. 667.

We think the evidence in the record brings the present case within the rule announced in the foregoing cases, and the judgment of the lower court will therefore be affirmed.

*Affirmed.*