## MILTON v. CITY OF McCOMB.

(In Banc. June 10, 1946. Suggestion of Error Overruled Sept. 23, 1946.)

[26 So. (2d) 463. No. 36180.]

16

**F. D. Hewitt,** of McComb, for appellant.

**Roach & Jones,** of McComb, for appellee.

**Griffith, J.,** delivered the opinion of the court.

As it was nearing midnight on May 20, 1944, four persons were sitting at a table in a restaurant in the City of McComb, drinking beer. They decided that they would buy a half pint of whiskey and applied for that purpose to appellant, who was a waitress in the restaurant. She

agreed to deliver the liquor, and from a larger co..tainer in her possession, she poured the half pint into a glass on the table. As this process was being pursued two city policemen appeared and took charge of the half pint, and thereupon escorted the four persons first mentioned to the police station, where a statement was taken from each of them, at the conclusion of which the policemen returned to the restaurant and arrested appellant, charging her with having whiskey in her possession in violation of an existing city ordinance.

Appellant was convicted in the police court and on a trial de novo in the county court, at which three of the parties who were at the table and the two policemen testified in support of the charge, she was again convicted and the conviction was affirmed by the circuit court. An appeal was allowed to this court, on the ground that a constitutional question was involved.

Appellant contends that she was arrested without warrant, and that her arrest having been illegal, all the evidence against her was illegally obtained and should have been excluded; to which the city responds that the offense was committed in the presence of the arresting officers and no warrant was necessary. Had the officers made the arrest at the time of the commission of the offense the position taken by the city would be correct, but since the arrest was not then made but was deferred to a later time, we will consider, without so deciding, that appellant's arrest was illegal, 5 C. J., p. 406, note 22, 6 C. J. S., Arrest, Sec. 6, p. 590, notes 34-36; but even so, this does not render the evidence inadmissible, for the sufficient reason that it was not obtained as a result of the unlawful arrest, the arrest not having been made until after all evidence had in a lawful manner been completely obtained.

We have examined the other assigned errors and are of the opinion that there is nothing in the record which would justify a reversal.

Affirmed.