SMITH *v.* STATE

No. 40147          June 11, 1956          87 So. 2d 917

*Arrington & Arrington,* Hazlehurst, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

478

GILLESPIE, J.

The sole question in this case is whether the arrest of appellant and the search of his person was unlawful.

Appellant was convicted of selling intoxicating liquors —second offense—and was fined and imprisoned.

Deputy Sheriff Beasley and Sheriff Stevens made a memorandum of the serial numbers of several one dollar bills and left the list in the sheriff's office. These officers then went by separate automobiles to Crystal Springs. Beasley hired a taxi and drove to appellant's home where he purchased from appellant a half pint of whiskey, paying for it with two $1.00 bills, the serial numbers of which were on the list in the sheriff's office. It appears that the whiskey was purchased on the outside of appellant's home. Beasley did not arrest appellant upon purchasing the whiskey, but went elsewhere, and later met the sheriff and the City Marshal of Crystal Springs, Ferguson. The three officers then went back to appellant's home, arriving there about thirty or forty minutes after Beasley bought the whiskey from appellant. Appellant was arrested in his home and his person searched. Two of the identifiable one dollar bills were in appellant's pocket when he was searched. These bills were introduced in evidence over objections.

Section 2470 of the Mississippi Code of 1942 authorizes the arrest without warrant for an indictable offense committed in the presence of an officer. If the arrest was legal, the search was legal. 79 C.J.S., Searches and Seizures, Sec. 68. If the arrest was unlawful, the search of appellant's person was unlawful, and the evidence obtained in the search was not admissible. Lewis v. State, 198 Miss. 767, 23 So. 2d 401.

Appellant's contention that his arrest and search were illegal is based on two theories: (1) That Sheriff Stevens actually made the arrest, and since he

did not witness the sale of the whiskey to Beasley, he had no lawful authority to make the arrest; and (2) that Deputy Sheriff Beasley, in whose presence an indictable offense was committed—the sale of the whiskey—did not make the arrest when he saw the offense committed and when he later returned to plaintiff's home he had lost the authority to arrest without a warrant. We will, for the purpose of this decision, concede to the State the first theory and deal only with the second.

Preliminary to a consideration of this question, we observe that there was no reason why Beasley could not have effected the arrest when and where the crime was committed. The reason he did not do so, according to his testimony, was that such was not their procedure, that they were trying to buy some more (whiskey). It was manifest that the reason he left the scene of the alleged crime was either to try to buy whiskey at other places or to contact the sheriff and the city marshal so as to have witnesses that the identifiable one dollar bills were taken from appellant's person, or to delay so as to arrest appellant in his home and make a search of the premises. It should also be observed that if the arrest had been made when the alleged crime was committed, it would have taken place outside appellant's home, whereas the three officers later returned and entered the home of appellant and there arrested and searched him, and searched the premises.

It is not claimed by appellant that the court had no right to try him because of the alleged illegal arrest. Indeed, such a contention would be without merit in law. He contends that the search incident to the arrest without warrant produced evidence, the identifiable dollar bills, and that this evidence was the fruit of an illegal search of appellant's person, and was not admissible.

■■ ■ At common law a peace officer could arrest without a warrant for a misdemeanor committed or attempted in his presence if a breach of the peace were in-

volved. The legislature, by Section 2470, Mississippi Code of 1942, extended the authority to make arrests without a warrant to indictable offenses committed or attempted in the presence of the officer whether or not a breach of the peace is involved.

The arrest for misdemeanors committed or attempted in the presence of officers must be made as quickly after the commission of the offense as the circumstances will permit. After an officer has witnessed a misdemeanor, it is his duty to then and there arrest the offender. Under some circumstances, there may be justification for delay, as for instance, when the interval between the commission of the offense and the actual arrest is spent by the officer in pursuing the offender, or in summoning assistance where such may reasonably appear to be necessary; but neither situation exists here, and as to such we do not decide. If, however, the officer witnesses the commission of an offense and does not arrest the offender, but departs on other business, or for other purposes, and afterwards returns, he cannot then arrest the offender without a warrant; for then the reasons for allowing the arrest to be made without a warrant have disappeared. 4 Am. Jur., Arrest, Sec. 67, pages 46, 47; 6 C.J.S., Arrest, Sec. 6; The Law of Arrest, Alexander, Sec. 76; Milton v. City of McComb, 200 Miss. 15, 26 So. 2d 463; 84 Am. St. Rep. 692.

The sheriff testified that he had a search warrant for appellant's home when the arrest was made, but for reasons not appearing of record no proof thereof was made.

There was sufficient evidence to make a jury issue as to appellant's guilt without the introduction of the one dollar bills. The judgment is therefore reversed and remanded for a new trial.

Reversed and remanded.

*McGehee, C. J.,* and *Roberds, Lee* and *Ethridge, JJ.,* concur.