LOTTINGER, Judge.
This is an action to establish boundary filed by petitioner, Ray A. Guidry, against defendant, Henry Dufrene. After trial on the merits, the Lower Court granted judgment in favor of petitioner and against defendant fixing the boundaries as shown by the survey of the Court appointed surveyor. The defendant has taken a suspensive appeal.
The petition alleges that petitioner and defendant are the owners of two contiguous tracts of land situated in the Parish of Terrebonne, State of Louisiana. According to the allegations of said petition, the defendant owns a tract of land situated on the right descending bank of Bayou Blue, measuring four arpents front, more or less, by a depth of two arpents. The petition further alleges that the petitioner is the owner of the east half of the northeast quarter of Section 37, T 17 S, R 18 E, Parish of Terrebonne, Louisiana, less the highlands thereof, and that the boundary separating the said properties of petitioner and the defendant have never been fixed, and that, accordingly, a judicial fixing of the said boundary line is necessary. The petition further alleges that the defendant has been contacted relative to establishing the said boundary by amicable survey, however, the defendant has refused, and therefore petitioner prays for all costs, including the cost of survey.
The survey was ordered by the Lower Court, and an attorney ad hoc was appointed to represent the defendant, it being alleged in the petition that he was an absentee. In due course, the defendant appeared through his own attorney and filed an exception of prescription of ten years, which exception of prescription, in effect, claimed that the defendant is now the owner of a tract four arpents in width by full depth of survey, being the full depth of survey of the east half of the northeast quarter of Section 37.
*96 For purposes of clarity, a reproduction of the pertinent portion of the map of survey by the Court appointed surveyor is shown below.

*97 The petition filed by petitioner seeks to establish the boundary shown by the lines D-E-F which, according- to the survey, separates the property of Henry Dufrene and Ray A. Guidry. By virtue of the exception of prescription, the defendant seeks to establish the boundary between the parties as the southwesterly prolongation of the line shown on said survey as C-D.
The record discloses that on July 28, 1920, the defendant, Henry Dufrene, purchased a tract of land described as four arpents in width, more or less, by two arpents in depth, from his father, John Dufrene. This tract of land is shown on the survey as the property owned by Henry Dufrene, being situated between the boundaries B-C, C-D, D-E-F, F-B. The tract of land shown as owned by Ray A. Guidry, situated southwest of Bayou Blue, and northwest of the tract shown as owned by Henry Dufrene, was purchased by Ray A. Guidry on August 26, 1942. On July 28, 1951, petitioner, Ray A. Guidry, purchased from his father the tract shown as belonging to him which is situated southwest of the line identified as D-E-F, and it is this boundary line which petitioner seeks to have established in this suit.
The record discloses that during the year 1944 the petitioner constructed a fence along the line identified as C-D, as well as the southwesterly prolongation thereof, which line separated the property between petitioner and defendant, in the front, or northeast, and which separated the property between petitioner and his father, Farquard P. Guidry, in the rear, or southwest. By virtue of the exception of prescription, the defendant claims to have acquired this rear tract originally owned by Farquard P. Guidry up to the fence which was constructed by petitioner during the year 1944.
The record discloses that the property in dispute, which lies southwest of the line identified as D-E-F, is lowland, or of a marshy nature. With regard to possession by defendant, he testified that he lived on his front piece of property for a period of three years after his acquisition of same after which he moved. Subsequent to his removal therefrom, he claims to have rented the property until the present time. Relative to possession of the rear portion of this property, defendant claims that he has grazed cattle thereon, and, on occasion, has cut fence posts therefrom, however, the cutting of the posts were only at very infrequent intervals. The evidence shows that the rear portion of this property, which is commonly referred to as the swampy portion, was an open range, used by all cattle raisers in the neighborhood. Mr. T. Baker Smith, the Court appointed surveyor, testified that the swamp line in this area was two arpents from the Bayou Blue, and that the line D-E-F on his survey substantially designates the swamp line in that area.
The reason petitioner gave for construction of this fence during the year 1944 was that he had a caretaker living on his property situated above the property of defendant, and that the fence was constructed to pen in a milk cow. Petitioner testified that he never considered or acquiesced in the fence as separating his property from that of defendant in the rear, as, at the time, he considered his father as the owner of fee-simple title to the rear property.
Although several procedural questions are raised relative to the exception of prescription, which seeks to establish an entirely different boundary from that sought by petitioner in this suit, the Lower Court resolved the issue by holding that the defendant has failed to prove sufficient possession over the rear portion of the land so as to have acquired title thereto by virtue of ten year prescription.
Defendant’s contention that he is entitled to judgment under his plea of prescription of ten years predicated on LSA-Civil Code Article 853 is without merit. *98 Assuming said articles to be applicable to a situation involving a boundary fixed by agreement, but not pursuant to judicial or extra judicial fixing of a boundary in accordance with applicable codal provisions, an issue not before the Court, defendant nevertheless does not come under said article for the reason that he did not consent to the erection of the fence as a boundary separation but also was not aware of its construction until after its completion.
The fence in this instance was constructed by petitioner, not as a boundary fence, although he did place same along what he considered to be the boundary, but same was constructed for the purpose of keeping in a cow of his employee. This fence was constructed without the knowledge of defendant, however, he testified that he was told about the fence by his tenant after it had been completed. Although defendant testified that he did object to petitioner relative to the construction of the fence, he did nothing about it. Of course, the fence, along the front portion, did separate the property of petitioner and 'defendant to which they each had a valid title, however, no valid title was had by defendant with regard to the rear portion. Another factor which indicates that this fence was never acquiesced in by the parties as a boundary fence is the fact that subsequent to the construction thereof the petitioner did purchase the adjoining property in the rear from his father. This, at least, showed that the petitioner did not recognize the defendant as owner of the rear portion of the property adjoining him.
We feel that the defendant has failed to sustain his burden of proving sufficient possession of this rear property and find that there was no reversible error in the decision of the Lower Court. Therefore, for the reasons assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by defendant.
Judgment affirmed.