INZER, Justice.
Appellant, Carl Murphy, Sr., was indicted, tried and convicted in the Circuit Court of Lee County on the charge of unlawful possession of intoxicating liquor. He was sentenced to serve ninety days in the county jail and to pay a fine of $500, and from this sentence he now appeals.
The affidavit and search warrant in this case are subject to the same objection and condemnation as were the search warrants in Murphy v. State, Miss., 195 So.2d 519, decided February 20, 1967; Walker v. State, 192 So.2d 270 (Miss.1966); and O’Bean v. State, 184 So.2d 635 (Miss.1966). The search warrant in this case was illegal and the fruits of the search constituted the evidence upon which appellant was convicted. It follows that his conviction cannot stand, and this case must be reversed and defendant discharged.
The foregoing disposes of this case, but we deem it appropriate to notice one other error assigned. This involves Instruction No. 2 granted on behalf of the State. The instruction is in the following language:
While it is true in this case, as in all criminal cases, that the defendant is presumed to be innocent until he is proved guilty, and that this presumption goes with the defendant throughout the entire trial and until overcome by competent testimony, and while it is further true that the burden of proof in this case, as in all criminal cases, is upon the state to satisfy the minds of the jury of the guilt of the defendant from the evidence beyond all reasonable doubt, yet the court now says to you that this presumption of innocence which the law throws around the defendant as a shield and safeguard is not intended to shield from punishment anyone who is in fact guilty, but is simply a humane provision of the law to guard against the conviction of any innocent person.
The court further says to you positively, that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant is guilty as charged in the indictment, then it is your sworn duty to say “guilty” by your verdict, regardless of the presumption of innocence and the further fact that the burden of proof is upon the State.
This instruction is practically identical with the instruction involved in Pendergraft v. State, 191 So.2d 830 (Miss.1966); Hall v. State, 250 Miss. 253, 165 So.2d 345 (1964); McLaurin v. State, 205 Miss. 554, 37 So.2d 8 (1948); Smith v. State, 161 Miss. 430, 137 So.2d 96 (1931). What was said in these cases relating to this instruction should have been sufficient to deter the attorneys prosecuting for the State from requesting the trial court to grant this instruction. However, in spite of what has been said, it is apparent that this instruction is still being requested and granted in some of the trial courts. In future cases the granting of this instruction will constitute error, and in close cases it alone will constitute reversible error. Therefore, all attorneys prosecuting for the State should refrain from requesting the granting of this instruction, and if requested, the trial judges are directed to refuse to grant same.
For the reasons stated, this case is reversed and appellant discharged.
Reversed and appellant discharged.
ETHRIDGE, C. J., and RODGERS, JONES, and BRADY, JJ., concur.