RODGERS, Justice:
This is an appeal by Gerald Olin Keith from a conviction in the Circuit Court of Lafayette County, Mississippi, on a charge of possessing burglary tools. The defendant was sentenced to serve a term of five years in the Mississippi State Penitentiary. The defendant’s conviction grew out of the following facts.
On August 27, 1966, a highway patrolman learned that one Buddy Malone Mc-Collum was wanted in Fayette County, Tennessee, on a felony charge, and a warrant had been issued for his arrest. The patrolman saw an automobile near Wyatt Crossing in Lafayette County, Mississippi. Upon inquiry, he discovered that Buddy Malone McCollum was an occupant in the automobile. He arrested Buddy Malone McCollum and shackled him. He then requested that he be permitted to search the automobile, said to belong to the defendant, Gerald Olin Keith. He searched the front of the automobile, but discovered that the trunk of the automobile was locked. The defendant readily gave permission for the search, but requested that the officer not break the lock. The keys to the trunk of the automobile could not be found. At the time the officer arrested McCollum, the automobile was occupied by McCollum, the defendant Keith, defendant’s wife, Peggy Keith, his children, and Nancy Little McCollum. When the Sheriff, Boyce Brat-ton, arrived at the place where the highway patrolman was in the process of searching the automobile, and discovered that the trunk could not be opened, he requested defendant to go to Oxford, the county seat, for the purpose of opening it. He advised defendant that he could get a search warrant to search the car, if it were necessary. Apparently the defendant willingly agreed to go to Oxford and to permit the officer to open the trunk of the automobile. The deputy sheriff rode in the automobile with defendant some twenty or twenty-five miles to Oxford, Mississippi. The officers went to the county jail, and, finally, late at night, a locksmith made a key and opened the trunk of defendant’s automobile. The defendant and his wife had been detained about four and a half hours. The officers found suitcases containing clothing belonging to defendant’s wife and children. They found several tools wrapped in a blanket. These tools were described as, a sledge hammer with shortened handle, a punch, ordinary screw drivers, a wrecking bar, a chisel, a utility bar and a handy man crowbar. Defendant said he did not know the tools were in the automobile. The sheriff was asked: “(A)fter you found all of those tools in the back of Keith’s car, what, if anything, did you do?” and he answered: “I placed him under arrest, all of them.” He said later, however, that he did not arrest Mrs. Keith.
While an effort was being made to open the automobile trunk, the sheriff repeatedly asked defendant if he wanted him to get a search warrant. Finally, defendant said: “I am scared; I want a lawyer.” The sheriff then handed defendant a telephone book containing names of lawyers, and he was advised that he could call an attorney but he did not do so. However, defendant’s *482 wife called a lawyer late that night, and he went to the jail the following Sunday morning and talked to the defendant. Memphis police officers, J. H. Wright and Lieutenant J. B. Cave, arrived at the jail in Oxford early in the afternoon, and defendant was immediately taken into a small room where he was confronted by them. They testified that he was advised of all of his constitutional rights and that, at first, he refused to talk to them, but later he agreed to talk. They testified that defendant told them that he had purchased a number of tools at Cat's in Memphis for Buddy McCollum, and that the old tools had been “picked up” from another place at his request. An officer also testified that defendant told him: “(T)hese tools were going to be used by Buddy McCollum to break in places but he wasn’t going to be a party to it. He wasn’t going to be a party to it, that he was putting himself out for Buddy Mc-Collum, and that he wasn’t going to get anything out of any of the places; that Buddy McCollum was going to use these tools.”
During the trial, attorneys for defendant objected to the testimony with reference to the alleged confession. The trial judge retired the jury and heard testimony as to admissibility of the confession. When the State had concluded the introduction of its testimony, in the absence of the jury, the trial judge asked the defendant’s attorneys: “Anything in rebuttal, gentlemen?” The defendant’s counsel then said: “That’s all.”
In defense of the charge, the defendant introduced evidence showing that he was a handy man, and he not only had a regular job but did odd jobs after work hours, and the tools found in his automobile were such as were ordinarily used by a handy man or carpenter. The defendant did not testify. In rebuttal, the State then offered proof by one of the Memphis policemen, as an expert witness, that, in his opinion — based upon his long experience — the tools exhibited to the jury were of the type that a burglar would use
The appellant filed twenty-one assignments of error alleged to have been committed in the trial of this case. Some of these assignments have become moot. The assignments of error essential to the determination of this appeal will be discussed in the order of their importance.
The State requested, and the court granted, the following instruction:
“The Court instructs the jury for the State that while it is true that in this case, as in all criminal cases, the Defendant is presumed to be innocent until he is proven guilty, and that this presumption goes with the Defendant throughout the entire trial and until overcome by competent testimony, and while it is further true that the burden of proof in this case, as in all criminal cases, is upon the State to satisfy the minds of the jury of the guilt of the Defendant from the evidence beyond a reasonable doubt, yet the Court now says to you that this presumption of innocence, which the law throws around the defendant as a shield and safeguard and is not intended to shield from punishment anyone who is in fact guilty, but is simply a humane provision of the law to guard against the conviction of an innocent man, and the Court further says to you that if you believe from the evidence in this case, beyond a reasonable doubt, that the Defendant is guilty as charged, then, in that event, it is your sworn duty to say guilty by your verdict regardless of the presumption of innocence and the further fact of the burden of proof being on the State.”
This instruction has been repeatedly condemned by this Court. Murphy v. State, Miss., 195 So.2d 847, decision rendered February 27, 1967; Pendergraft v. State, 191 So.2d 830 (Miss.1966); Hall v. State, 250 Miss. 253, 165 So.2d 345 (1964); McLaurin v. State, 205 Miss. 554, 37 So.2d 8 (1948); Smith v. State, 161 Miss. 430, 137 So. 96 (1931).
*483 In the Murphy case, this Court requested the prosecuting attorneys to refrain from offering this instruction and directed the trial judges to refuse to grant it. Over the years this instruction has been proven to be harmful, and although we have never held it to be reversible error when taken alone, nevertheless, it is error and is harmful, and in most cases will be considered prejudicial to the defendant’s right to a fair trial.
Instructions to juries are statements of the law applicable to the facts and are given for the guidance of the jury in considering the testimony. Instructions should never be used to influence the jury as to how facts should be decided. When instructions are worded so as to indicate how a jury should decide an issue of fact, they are harmful, and unless all instructions, taken together, are written so as to give the jury the full application of the law as to the issues involved, this Court will usually reverse. Miss.Code Ann. § 1530 (1956); 53 Am.Jur. Trial §§ 584, 589, 593 (1945).
The defendant complains that the following instruction given to the jury on behalf of the State is harmful and prejudicial to his right to a fair trial:
“The Court instructs the jury for the State of Mississippi that under the law in the State of Mississippi more than one person can commit the same crime and that all accessories before the fact are considered as principals and defendants are sometimes tried jointly or individually as is the case here and the Court now instructs you that you are not to consider the fact that four different defendants are indicted for the same crime that the Defendant, Gerald Olin Keith, is presently being tried for.”
This instruction is apparently upon the charge of accessory before the fact. The defendant was not charged with the crime of accessory before the fact Moreover, the instruction is confusing and should either be rewritten or not given upon retrial.
The testimony originally introduced by the State, before it rested its case in chief, showed that the defendant permitted the State to make a search of his automobile, and that he became afraid after so long a time and wanted a lawyer. The evidence shows that the officers finally opened the-trunk of his automobile and there discovered suitcases, and certain tools, none of which was especially “designed to aid in the commission of burglary.” However, the sheriff promptly arrested defendant for “possession of burglary tools.” Nothing was shown by the testimony to indicate that the officers knew, or had reason to believe at that time, that the common, ordinary shop tools found in the trunk of defendant’s automobile were in fact burglary tools or implements to be used in the commission of burglary or larceny. (Defendant is a mechanic or handy man.) The testimony does not reveal that the officers had any information that a crime had been committed, that they had reasonable grounds to suspect defendant had committed a crime, or that he was about to commit a crime. See Miss.Code Ann. § 2470 (1956). Defendant was arrested on mere suspicion. The officers did not have probable cause to arrest him without a warrant at the time they took him into custody. It was the afternoon of the next day before the officers had any information, so far as this record shows, on which to base an arrest for probable cause. See Kennedy v. State, 139 Miss. 579, 104 So. 449 (1925). This information came after inquiry on the part of out-of-state policemen. He admitted to the Memphis policemen that he bought the tools for Buddy Malone McCol-lum, and that McCollum told him they were to be used to break in places.
Since defendant’s arrest was made without probable cause, and his detention was illegal, (insofar as testimony in the record indicates), the alleged confession was weak *484 ened because the State was under a burden to show that the illegal detention did not coerce him into making an involuntary statement.
 As a whole, the testimony in this case is weak, particularly in view of the fact that the prosecuting attorney found it necessary to introduce testimony in rebuttal to show that the tools exhibited to the jury were burglary tools. The very question at issue was whether or not they were burglary tools. This was what the State was required to prove, either by direct or circumstantial evidence, before a conviction could be had. The State waited until after, defendant had rested his case to introduce this evidence. This was testimony in chief. The State was required to show that defendant knowingly had in his possession “burglary tools.” 53 Am.Jur. Trial § 121 (1945) at page 107. Moreover, the State was required to show, by direct or circumstantial evidence, that the ordinary tools of a mechanic, which had been exhibited to the jury, were either designed to be used as “burglary tools”, or defendant intended to use the tools for that purpose; or knew that they were to be used by another for the unlawful purpose of burglary or larceny; or that defendant knew that they had been used for that purpose. The testimony must be sufficient to convince the jury beyond a reasonable doubt that the tools were in fact knowingly and feloniously possessed by defendant as burglary tools; otherwise, the prosecution must fail.
The textwriter pointed out in 9 Am.Jur. Burglary section 86 (1937) at page 282 that:
“(T)he mere possession of tools, instruments, or devices not adapted, designed, or commonly used in breaking into buildings is not enough to subject the possessor to prosecution. The possession of tools by a carpenter or mechanic, even though such tools or some of them might be used for breaking into a building, certainly does not fall within the contemplation of any statute.”
The defendant objected to the introduction by the State of an alleged confession. The State, in the absence of the jury, went forward to show that the confession was voluntarily made and that the rights of defendant were preserved. After the State had offered its testimony, the trial judge gave defendant an opportunity to introduce evidence to show that the confession was not voluntarily made. The defendant, however, offered no evidence, on the issue, then before the judge, to show that the statement objected to, was not in fact made, or was involuntarily made. The trial judge had no evidence before him on which to hold that the statement was illegally obtained. We cannot therefore hold that the testimony with reference to the statement was wrongfully admitted in evidence on the ground that it was an involuntary statement. A person may make a voluntary confession, although he is being illegally detained, so long as his constitutional rights are preserved. Quan v. State, 185 Miss. 513, 188 So. 568 (1939). Cf. Milton v. City of McComb, 200 Miss. 15, 26 So.2d 463 (1946).
We have reached the conclusion that this case must be reversed and remanded for a new trial because the instructions previously set out were erroneous. Moreover, the testimony introduced by the State to sustain the charge that the defendant knowingly and feloniously had in his possession burglary tools is weak, and when considered with the erroneous instructions, we hold that a new trial should be granted.
Reversed and remanded.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.