231 So.2d 510 (1970)
PROTECTIVE LIFE INSURANCE COMPANY
v.
Therrall SPEARS.
No. 45599.
Supreme Court of Mississippi.
February 2, 1970.
Wells, Gerald, Wells, Brand, Watters & Cox, W. Calvin Wells, Jackson, Thornton & Mikell, Kosciusko, for appellant.
*511 Crawley & Ford, Kosciusko, for appellee.
JONES, Justice.
Appellee sued appellant on a group policy to recover hospital and doctor's fees incurred because of appellee's being shot, and recovered a judgment for $4,751; hence this appeal.
We reverse and remand the case for a new trial.
The policy was intended to cover major medical expenses and contained as a part of the contract, the following exclusions:
I. EXCLUSIONS AND LIMITATIONS
No Major Medical Expense Benefits will be payable for or in connection with (a) any charges which are not specifically included in the section entitled "Covered Charges" or (b) any charges.
* * * * * *
11. for medical care, services or supplies received or furnished in connection with, or as result of, any injury or sickness resulting from participation in, or in consequence of having participated in, the commission of an assault or a felony.
The facts in regard to the shooting are: On August 16, 1967, appellee, a salesman for a local industry, had worked until between nine and ten o'clock p.m. He called a local drive-in and ordered sandwiches for supper. He stopped at the drive-in and went in and got the sandwiches. His pickup was parked outside. As appellee started to get back into the pickup, a car, he says, "whirled" in off the highway and almost hit him. He jumped in the back of his pickup. The car stopped, about twenty yards in front of his car, after appellee hollered at the driver, and the driver replied with an invitation to "go to hell." The car "took off", and appellee followed in his pickup. According to appellee's statement, he was following the car to secure its tag number  not to arrest. Appellee finally came to where the car had stopped, took the tag number, then left, went to a pay telephone, tried to reach the sheriff, and failing, "I just took it on my own to make a citizen's arrest." This was the time he first decided to make a citizen's arrest. The driver of the offending car had, as appellee knew, finished his run, and left his car standing in front of one Allen's house. Appellee says it was ten or fifteen minutes before he returned to the car from trying to locate the sheriff. How long this was after the alleged offense, we do not know. We have not found from the record how long or how far the chase was. Anyway, the misdemeanor, if it were one, which we do not decide, was long before completed. If an offense at all, it was a past offense.
Appellee, accompanied by an acquaintance who remained on the outside, returned to the house where the car was parked, and with a shotgun in his hand entered the house.
What has been stated is what the appellee said.
As to what occurred at the house, there is conflict in the testimony.
Appellee says the door was partly opened and he knocked on the porch and asked if the boy was there. Someone replied, "Why don't you come in and see?" He thereupon entered the open door and asked, "Where is he? I want to arrest him." Then, hearing a little noise to his back, he turned, and when he did he was shot.
Appellant offered proof that the door was closed and latched. That appellee forced the door open, entered without invitation, and threatened to kill if he was not told where the boy was; that he pointed and held the shotgun within a few inches of the Allen woman's stomach and was shot. All this was denied by appellee.
We have not undertaken to relate all the evidence but only enough to disclose the reasons for reversal.
*512 When both sides rested, the court gave the following instruction:
The Court instructs the Jury for the plaintiff, Therrall Spears, that under the law of the State of Mississippi the plaintiff, Therrall Spears, had the right to arrest any person without warrant for an indictable offense committed for a breach of the peace threatened or attempted in his presence provided that, in making such arrest, he informed the accused of the object and cause of the arrest, or provided that the accused was arrested on pursuit. The Court, therefore, instructs the Jury that if you find from a preponderance of the evidence in this case that Therrall Spears arrested or pursued one Anthony Dodd for the purpose of arresting the said Anthony Dodd without warrant for an indictable offense committed or a breach of the peace threatened or attempted in his presence, then it will be your sworn duty to return a verdict for the plaintiff, Therrall Spears.
This instruction is erroneous and practically a peremptory. It is erroneous because, leaving aside the question as to whether there was any indictable offense committed, there was no legal attempt to arrest and certainly no arrest.
There is no evidence that appellee pursued the alleged offender for the purpose of making an arrest. Appellee stated positively, more than once, that he was following in order to get the tag number, evidently to report to the sheriff. It was only after he failed to find the sheriff, and after the offense, if any, had been long completed and was past, that even the thought of a citizen's arrest entered appellee's mind.
A private citizen cannot arrest without warrant for a misdemeanor theretofore committed, unless pursuit for the purpose of arrest was begun immediately. Smith v. State, 228 Miss. 476, 87 So.2d 917, 58 A.L.R.2d 1052 (1956); 5 Am.Jur.2d Arrest §§ 33, 34, 35, 727 (1962). We quote the following from footnote 16, 5 Am.Jur.2d Arrest section 33, page 724 (1962):
The power to arrest without warrant for breach of peace or other minor offense is given in order to maintain the public peace, and it therefore ceases when the offense is an accomplished fact, which can no longer be prevented, and public order has been fully restored. State v. Lewis, 50 Ohio St. 179, 33 N.E. 405.
We are therefore required to reverse, because admitting there was no arrest and no legal attempt to arrest, the question remains whether appellee's injuries resulted from "participation in, or in consequence of having participated in, the commission of an assault or a felony."
For determination of this question, the case is remanded for another trial.
Reversed and remanded.
ETHRIDGE, C.J., and RODGERS, BRADY, and INZER, JJ., concur.